STATE OF INDIANA EX REL. GRECCO *v.* ALLEN CIRCUIT COURT, NEWKIRK, SPECIAL JUDGE.

[No. 0-491. Filed November 13, 1958.]

*Gerald Grecco, pro se.*

*James R. Newkirk,* Special Judge, *pro se.*

PER CURIAM.—This is an original action brought by relator asking that respondent be mandated to appoint pauper counsel to represent relator and perfect an appeal from his judgment of conviction for inflicting physical injury in the commission of a robbery, for which he was sentenced to life imprisonment. Relator also asks that respondent be mandated to furnish him a transcript at public expense. We issued the alternative writ.

From the verified petition it appears that relator was tried by a jury and convicted and sentenced to life imprisonment. That respondent judge was the special judge who tried said cause and ruled on the motion for new trial, overruling the same. That relator in the trial of said cause was represented by an attorney of his own choosing, but after the overruling of the motion for new trial, the attorney withdrew from the case and refused to perfect the appeal because relator was without funds to pay such attorney. That relator is now confined to the Indiana State Prison and has no money, means, property, or credit with which he can employ an attorney or procure a transcript for his appeal which he desires to take to this court. That relator has personally filed several requests for extensions of time to file transcript and assignment of errors with this court. That relator had written respondent three letters from the state prison requesting respondent to appoint an attorney and provide a transcript at public expense, but respondent's letter of reply, which is made an exhibit, states respondent had no jurisdiction to appoint counsel for relator, but if such appointment were proper, it could only be made by the regular judge of the Allen Circuit Court.

The regular judge was then written by relator from the prison but he also declined relator's request.

Respondent has filed a response to the writ which does not comply with the rules of this court as it is not verified as the rules require. Rule 2-36 of Supreme Court. The response contains argumentative and immaterial matter, and contends this court cannot mandate respondent to impose upon the taxpayers of the county the expenses of an appeal for relator until relator satisfies respondent judge he has a meritorious appeal, citing *State ex rel. Crawford* v. *Owen* (1948), 225 Ind. 601, 77 N. E. 2d 123.

An examination of the cited case, however, reveals that it did not involve an appeal taken within the the regular time provided by statute, but instead a belated appeal, sought to be taken after the time specified for taking appeals had expired. Statutes providing for the taking of belated appeals "for good cause shown"[1] do not govern regular appeals. See: *State ex rel. Casey* v. *Murray* (1952), 231 Ind. 74, 106 N. E. 2d 911.

Under the Indiana Constitution[2] an accused charged with crime is entitled to be represented by counsel at every stage of the proceeding against him. *State* v. *Minton* (1955), 234 Ind. 578, 130 N. E. 2d 226; *Tokash* v. *State* (1953), 232 Ind. 668, 115 N. E. 2d 745; *Dearing* v. *State* (1951), 229 Ind. 131, 95 N. E. 2d 832. If the accused is not financially able to employ an attorney of his own choice, it is the duty of the court to select a competent attorney for him at public expense.

The right of a defendant to appeal from any judg-

1. Burns' Indiana Statutes, §9-3305, 1956 Replacement, being Acts of 1947, ch. 189, §5, p. 625.
2. Art. 1, §13.

ment in a criminal action against him is specified by Burns' §9-2301, 1956 Replacement which provides:

"An appeal to the Supreme Court . . . may be taken by the defendant as a matter of right, from any judgment in a criminal action against him, in the manner and in the cases prescribed herein; and, upon the appeal, any decision of the court or intermediate order made in the progress of the case may be reviewed." (Acts 1905, ch. 169, §324, p. 584.)

If appeals are not desired in this state as a matter of right, recourse should be had to the legislature and not to the courts to change the law in this respect. It necessarily follows from the statutory provisions for appeal, as of right, to an accused in a criminal case, that an indigent defendant's right to be represented by counsel at public expense extends to his prosecution of an appeal. See: *State ex rel. White* v. *Hilgemann, Judge* (1941), 218 Ind. 572, 34 N. E. 2d 129.

And an indigent defendant's right to a transcript of the evidence without charge for use on appeal is specified by Burns' §4-3511, 1946 Replacement, which provides:

"Any poor person desiring to appeal to the Supreme Court . . . from the decision of any circuit court or criminal court, . . . in criminal cases, and not having sufficient means to procure the . . . transcript . . . the court . . . shall direct the shorthand reporter to transcribe . . . and deliver the same to such poor person: Provided, The court or the judge thereof is satisfied that such poor person has not sufficient means to pay said reporter for making said longhand manuscript or transcript of evidence, . . ." (Acts 1893, ch. 33, §1, p. 32.)

This court has held, however, that the duty of the trial court to furnish to an indigent a transcript of

the evidence without charge for use on appeal as provided by statute is not unconditional but a showing must be made to the trial court not only that (1) the accused does not have sufficient means to procure a transcript, but also (2) that the merits of the questions to be raised on appeal cannot be considered without a transcript of the evidence, and (3) that questions of error were presented to the trial court in his motion for new trial by which this court could review the merits of the cause on appeal. See: *State ex rel. Ward* v. *Porter C. C., Conover, Sp. J.* (1955), 234 Ind. 573, 130 N. E. 2d 136, in which a respondent special judge was mandated to furnish a transcript for purpose of perfecting appeal.[3]

Respondent does not in his response here deny that relator is a pauper, nor that the merits of relator's appeal cannot be raised without a transcript, nor that relator's motion for new trial raised questions of error by which this court could review the merits on appeal, but the contrary appears to us. Respondent's unverified return is not sufficient in form or substance to rebut the prima facie case made out by petition for mandatory relief at the time the alternative writ was issued.

The record discloses that relator has filed two petitions in this court for extension of time within which to file transcript and assignment of errors in his attempted appeal from his judgment of conviction below. Both extensions were granted and within such extended time as granted by this court relator filed the subject original action for writ of mandate. Delay has necessarily been occasioned

---

3. See also the case of *Griffin* v. *Illinois* (1955), 351 U. S. 12, 100 L. Ed. 891, 76 S. Ct. 585, holding the due process and equal protection clauses of the U. S. Constitution to be violated by the state's denial of appellate review solely on account of a defendant's inability to pay for a transcript.

in serving the writ on respondent and in determining the questions involved, and relator's time for filing transcript has now expired. Relator, however, should not be prejudiced as a result thereof in his efforts to prosecute a timely appeal from his conviction. *State ex rel. Thomas* v. *Elkhart Circuit Ct.* (1950), 228 Ind. 572, 94 N. E. 2d 485, 340 U. S. 922, 95 L. Ed. 666, 71 S. Ct. 355.

The alternative writ of mandamus is now made permanent, and relator is granted time to and including January 5, 1959, to file his transcript and assignment of errors in appealing from his judgment of conviction in the Allen Circuit Court.

Emmert, J., concurs in result.

NOTE.—Reported in 153 N. E. 2d 914.