STATE EX REL. CITY OF MARION ET AL. *v.* GRANT
CIRCUIT COURT ET AL.

[No. 29,662.  Filed March 26, 1959.]

316

*Arden W. Zobrosky,* of Marion, for relators.

No attorneys listed for respondents.

LANDIS, C. J.—Relators bring original action in this court for writ of mandate and prohibition asking that respondent court be commanded to dismiss a certain cause brought by James Church and others against relators in respondent court, and further asking that respondent court be prohibited from entering further orders, decrees, and judgments in said cause pending before it.

The action pending in respondent court below was brought by James Church and others against relators, The City of Marion et al., seeking an injunction against the collection of sewage charges by the city and its officers as outlined in general ordinance 50-1957 of said city, which attempted to amend previous ordinance 17-1954, said suit alleging the rates charged by the amendatory ordinance were discriminatory between classes of users, were unjust and inequitable, and were confiscatory of the property of taxpayers and owners of real estate in the City of Marion.

Relators filed motion to dismiss the action against them which was overruled by the court below, and relators then filed the instant original action in this court for writ of mandate and prohibition.

Relators first contend in support of their application for the writ that respondent court did not have jurisdiction of the subject matter, of the parties, or of the particular case, for the reason that the legislature has delegated the power to establish rates for municipal sewage disposal systems to the common council of cities and has not provided for judicial review of the council's action.[1] Relators assert that in the absence of fraud courts cannot judicially review the action of a city council in establishing by ordinance rates for a city's sewage disposal system.

Relators' position is not well taken. Since the landmark case of *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399, it is well settled ■ that the right of a party to judicial review is not subject to the grace of the legislative branch of the government. Relators make reference to the dissenting opinion of Morris, J. in *Ex parte France* (1911), 176 Ind. 72, 95 N. E. 515, discussing many instances where there is allegedly no right of appeal in the absence of statutory provisions therefor. However, the opinions there expressed to that effect as well as those of other similar opinions were specifically disapproved in the Warren Case, and cannot now be considered as authoritative pronouncements of this jurisdiction.

Relators concede that we held in *Public Service Comm.* v. *Ind. Bell Tel. Co.* (1953), 232 Ind. 332, 108 N. E. 2d 889, 112 N. E. 2d 751, that the judicial ■■ branch of the government may interfere with the rulings of administrative bodies adopted

1. Burns' Indiana Statutes §48-4305, 1950 Replacement, being Acts 1932 (Spec. Sess.), ch. 61, §5, p. 209; 1933, ch. 187, §1, p. 921, provides for the filing of objections to the final order of construction or acquisition by the city council of a sewage disposal system but does not provide a remedy for the taxpayer to obtain a judicial review of the rates charged.

under laws of the legislature whenever a judicial question is involved, as for instance in the case of fraudulent, arbitrary or capricious action by an administrative body, such a question is presented to the court below by the complaint for an injunction alleging the new rates are discriminatory, unjust, inequitable and confiscatory. It matters not that in this case the legislature has delegated the authority to the city council to fix sewage disposal rates instead of delegating such power to a commission or administrative agency. The right of a party to a judicial review in a proper case cannot be denied simply because of the nature of the agency or instrumentality to whom the legislature has delegated the rate making function. Relators concede for purposes of their first contention that no statutory remedy has been provided and we must hold that the right to judicial review is not dependent upon the legislature but is guaranteed by the due process and due course of law clauses of the federal and state constitutions (14th Amendment U. S. Constitution; Art. 1, §12, Indiana Constitution), and this consitutional authority may not be denied by legislative action or non-action.

Relators next contend that if there is any judicial review from the action of the city council or the board of public works, the objectors would have to file their action within 30 days as provided by Burns' §48-4501, 1950 Replacement (being Acts 1933, ch. 245, §1, p. 1109), although relators concede the only statutory provision for judicial review is that under Burns' §48-4305, 1950 Replacement (being Acts 1932 [Spec. Sess.] ch. 61, §5, p. 209; 1933, ch. 187, §1, p. 921), wherein forty property owners may file written objections to the final order of construction or acquisition made by the common council. No contention is made that plaintiffs

to the injunction action below were attempting to prevent or enjoin the construction or acquisition of the new sewage disposal plant but it appears plaintiffs below were solely attacking the new rates to be charged as being confiscatory, unreasonable, etc.

As no statutory relief was afforded the property owners who sought to raise constitutional questions as to validity of the increased rates, the statutory provisions of Burns' §48-4305 *supra,* relating to the filing of objections to the construction or acquisition order of the common council by 40 property owners did not provide plaintiffs below with an adequate statutory remedy to protect the consitutional rights they sought to assert.

Burns' §48-4501, *supra,* to §48-4509, 1950 Replacement (being Acts 1933, ch. 245, §§1-9, p. 1109), are provisions of a general statute pertaining to cities and towns attempting to apply procedure where applicable to "All appeals now allowed, or which may hereafter be allowed by law . . . ." This general statute further provides among other things (Burns' §48-4504, 1950 Replacement, being Acts 1933, ch. 245, §4, p. 1109) that on appeal from the council's action ". . . *any issues not authorized by the statute* to be made before such . . . common council, and appealed from, *shall not* be reviewed, *considered,* or adjudged *by such court on appeal* . . ." thereunder. (Emphasis supplied.)

It necessarily follows, therefore, that since Burns' §48-4305 *supra,* as previously discussed did not authorize plaintiffs below to assert their constitutional rights before the common council, and as we have not been directed to any statute giving plaintiffs a proper judicial review of the questions they sought to assert, we must hold the provisions of the general statute

(Burns' §48-4501 *et seq, supra)*, are not applicable to this case.

It is apparent from the foregoing that plaintiffs below had no statutory relief available to them to raise the question of the alleged confiscatory, inequitable, and discriminatory nature of the rates under the new ordinance and which question they sought to raise in the action below for judicial review, and the court below accordingly had jurisdiction to entertain their suit in equity independently of statute for the relief sought.

No valid argument has been advanced that plaintiffs below are barred by laches or otherwise from bringing their equitable action for an injunction herein. Although no specific statutory provision prescribes the time for judicial review in equity hereunder, it is apparent such action must be brought expeditiously and without unnecessary delay. The action below was timely filed.

We do not by this opinion express any view as to plaintiff's cause of action below except that respondent court had jurisdiction to entertain it.

Relators' petition for writ of mandamus and prohibition is denied.

Arterburn, Jackson and Bobbitt, JJ., concur.

Achor, J., concurs in result.

NOTE.—Reported in 157 N. E. 2d 188.