WIZNIUK v. STATE OF INDIANA.

[No. 29,917. Filed May 23, 1961.]

*Saul I. Rabb,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Patrick D. Sullivan,* Deputy Attorney General, for appellee.

LANDIS, C. J.—This is an appeal from the lower court's judgment denying appellant's petition for writ of error coram nobis.

In the coram nobis proceedings below appellant attempted to set aside his conviction of robbery which had been entered by the court on appellant's plea of guilty without counsel.

The court denied the writ of coram nobis and appellant appeals.

The facts necessary for a consideration of this case are as follows:

Appellant was charged with robbery and automobile banditry in two counts of an affidavit. The affidavit was filed on September 15, 1958, and appellant was brought into court on the same day for arraignment. The court informed appellant, who was nineteen (19) years of age and a resident of Illinois, that he was entitled to be represented by counsel, though it wasn't compulsory, and that if he were without money or means to employ counsel the court would furnish counsel for him.

The court was informed by appellant that he did not

have counsel but wanted counsel, and when appellant indicated he was trying to get a lawyer, the court continued the case to September 19, 1958, for appellant to employ counsel and be ready to plead. Appellant was returned to jail in default of bond.

On September 19, appellant returned to court stating he could not obtain a lawyer because he had no funds or assets of any kind. Appellant's father appeared in court and upon being asked by the court if he would employ counsel for appellant, stated that: "Things are a little rough right now, . . ." and that it would be "Depending on what it would cost"—and that he didn't know what counsel would cost.

The court then stated:

". . . It doesn't make any difference to me except these gentlemen, under our law in Indiana—I don't know what it is in Illinois—they are entitled to an immediate trial if they want one. If they want to stall it, or stay over in jail—I don't suppose they can make these bonds—that is their business. I am trying to give these fellows what the Constitution of the State of Indiana and the Constitution of the United States says they should have, but they have to do something themselves. Now if you want counsel you had better go out and try to get someone."

· · · · ·

The court further stated:

"You can go out and get who you want and talk to whom you want, and I will give you until eleven-thirty to come back in here with a lawyer."

· · · · ·

And further, the court said:

"The sheriff will give you a list of lawyers; there are a lot of them."

· · · · ·

"(Intermission in proceedings from 10:25 to 10:35, after which, all parties being present as

before, the following further proceedings were had, to-wit: —)"

. . . . .

"THE COURT: You are again brought before the court. . . ."

. . . . .

"THE COURT: . . . A short time ago, gentlemen, you were before the court asking the court to give you time to employ counsel. At that time you made a request you were going to employ counsel for yourselves. You are back before the court now and the court wishes to ask you if you have counsel?"

. . . . .

"THE COURT: Do you have counsel?
"DEFENDANT WIZNIUK: No, sir."

. . . . .

"THE COURT: Mr. Wizniuk, have you decided you don't want counsel?
"DEFENDANT WIZNIUK: Yes, sir."

The law is well settled that the accused in a criminal case is entitled under the State[1] and Federal[2] Constitutions to be represented by counsel at every stage of the proceedings against him. *State ex rel. Grecco* v. *Allen Cir. Ct. et al.* (1958), 238 Ind. 571, 574, 153 N. E. 2d 914, 916; *State v. Minton* (1955), 234 Ind. 578, 581, 130 N. E. 2d 226, 228. If the accused is not financially able to employ an attorney of his own choice, it is the duty of the court to select a competent attorney for him at public expense.

An examination of the foregoing questions and answers before the trial court indicates strongly that appellant in the case before us desired counsel but was unable to procure counsel. He stated he had no financial

1. Art. 1, §13 of the Constitution of Indiana.
2. Fourteenth Amendment of Constitution of the United States.

ability to employ counsel; and his father stated he might obtain counsel, depending on the cost.

When appellant's father indicated he might, under some circumstances obtain counsel for appellant, the court gave him an hour or so to get counsel, stating:

> "You can go out and get who you want and talk to whom you want, and *I will give you until eleven-thirty to come back in here with a lawyer.*" (Emphasis supplied.)

The appellant's father however, after consuming ten minutes of the allotted hour, returned to the courtroom and thereupon appellant decided he didn't want counsel and was ready to plead to the charge.

It further appears that appellant was confined to jail during the time he and his father were seeking counsel for him and that neither appellant nor his father were personally acquainted in the county where appellant was charged with crime and counsel was being sought.

We believe that the only reasonable conclusion which can be drawn from the undisputed facts appearing of record in the case before us was that appellant, under the circumstances of this case, was not afforded a reasonable opportunity to obtain counsel in the time allotted by the trial court, and that appellant did not therefore freely waive the right to counsel as is guaranteed to him under our State and Federal Constitutions.

While the accused, in a criminal case is entitled to a speedy trial, this does not mean that he is compelled to submit to a trial before he has had an opportunity to procure counsel, if he desires counsel, or before he has sufficient time to confer with his counsel so as to prepare his defense if he has one.

See: *Powell* v. *Alabama* (1932), 287 U. S. 45, 58, 53 S. Ct. 55, 60, 77 L. Ed. 158, 165; *Hoy* v. *State* (1947), 225 Ind. 428, 440, 75 N. E. 2d 915, 920; *Lloyd* v. *State* (1960), 241 Ind. 192, 170 N. E. 2d 904, 907. Otherwise any right to counsel becomes a perfunctory matter and is of little value to an accused.

The judgment of the lower court is reversed with directions to grant the writ.

Jackson, Achor and Bobbitt, JJ., concur.

Arterburn, J., concurs in result.

NOTE.—Reported in 175 N. E. 2d 1.