HADDOCK *v.* STATE OF INDIANA.

[No. 30,748. Filed June 15, 1965. Rehearing denied September 29, 1965.]

*Lewis Davis,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

ACHOR, J.—Appellant was charged by indictment in two counts of (1) rape and (2) incest upon his daughter who was ten years of age.[1] After trial by jury appellant was found guilty of rape, as charged.

The appellant here asserts that the verdict of the jury was contrary to law. He contends that under the evidence, since the child upon whom the offense was committed was his own daughter, the crime, if committed, was solely that of incest as defined by the statute. Consistent with this contention appellant asserts that he could not be convicted of both the crime of rape under Count One of the indictment and of incest under Count Two, and further that since he was not found guilty of incest under Count Two of the indictment, the verdict finding him guilty of rape and by implication not guilty of incest is contrary to law.

Appellant cites no authority for the proposition that he could not be found guilty of rape under circumstances which also constituted the offense of incest. He does, however, cite the case of *Flowers* v. *State* (1943), 221 Ind. 448, 449-450, 48 N. E. 2d 56, as making such an implication. In doing so, he has misconstrued the Flowers case. To the contrary, in that case the court stated:

> "[S]exual intercourse is an essential element of incest and that such a relationship with a female under the age of sixteen years constitutes rape."

Furthermore, appellant's position is in direct conflict with eminent criminal authority:

> "A daughter or a sister may be the victim of

---

1. Under the statute the crime of rape, committed upon a child under the age of 12 years, bears a sentence of imprisonment for life. Acts 1941, ch. 148, §3, p. 447, being Burns' Ind. Stat. Anno. §10-4201 (1956 Repl.). The statute which defines the offense of incest upon a child under the age of 16 years provides for a prison sentence of two to twenty-one years or imprisonment in the county jail for a period of not less than six months nor more than one year. Acts 1907, ch. 74, §1, p. 101, §10-4206, Burns' Ind. Stat. Anno. (1956 Repl.).

rape by a man, or of an assault with intent to commit rape, although such offenses are usually punished as incest." Wharton's Criminal Law, Vol. 1, 12th Ed., §693, p. 926.

"A relative within the prohibited degree may be guilty of both rape, and incest. . . ." Cyclopedia Criminal Law, Vol. 2, §897, p. 1441. *State* v. *Rice* (1919), 83 W. Va. 409, 98 S. E. 432, 434.

Appellant also attempts to argue the alleged erroneous admission into evidence of the hospital record on the theory that it was hearsay. It is not proper for this court to consider the merits of this argument since the issue was not raised in the motion for new trial.[2] *Higgins* v. *State* (1965), 246 Ind. 62, 202 N. E. 2d 569, 570; Indiana Supreme Court Rule 2-6.

Judgment affirmed.

Jackson, C. J. dissents.

Arterburn, Landis & Myers, JJ. concur.

NOTE.—Reported in 207 N. E. 2d 813.

---

2. The hospital record merely disclosed the result of the finding of the physician regarding the condition of the child, which finding was established by the physician who testified in court as to his findings.