LYNCH *v*. STATE OF INDIANA.

[No. 867S65. Filed March 19, 1969.]

*Clifford M. DeWitt*, of Indianapolis, for appellant.

*John J. Dillon*, Attorney General and *Rex P. Killian*, Deputy Attorney General, for appellee.

GIVAN, J.—This is an appeal from a conviction under an affidavit charging the appellant with the possession and control of marihuana in violation of the Indiana 1935 Narcotic Act, as amended. On his plea of not guilty the appellant was tried by the Court without a jury and found guilty as charged. Appellant was sentenced to a term of not less than two nor more than ten years.

The content of appellant's motion for new trial was as follows:

"Comes now the defendant, by counsel, and moves the Court herein for a New Trial for the following reasons:

"1. The finding of the Court is not sustained by sufficient evidence.

"2. The finding of the Court is contrary to law.

"3. The Court erred in admitting into evidence State's Exhibit #1.

"WHEREFORE, defendant prays that he be granted a New Trial herein."

This motion for new trial was filed in court on the 14th day of April, 1967. Rule 1-14B of this Court, which was adopted on the 13th day of January, 1967, and became effective on the 1st day of March, 1967, requires that whenever a motion for new trial is requested on the ground that the verdict or decision is not sustained by sufficient evidence or is contrary to law the moving party shall file a memorandum stating specifically wherein such evidence is insufficient or the verdict or decision is contrary to law. No memorandum supporting the above motion for new trial was filed. Therefore, the first and second specifications in the motion for new trial were not properly presented to the Trial Court and will not be considered on appeal here.

In the third ground for new trial above stated, the appellant claims error in the admitting of State's Exhibit #1. However, under the procedural law of Indiana, the motion must contain a copy or the substance of the exhibit claimed to have been erroneously admitted, and must state the grounds of the objections to the evidence. *Golden Guernsey Farms v. State* (1945), 223 Ind. 606, 612, 63 N. E. 2d 699.

The assignment of errors filed in this cause assigns only the overruling of appellant's motion for new trial. Therefore, all other matters which the appellant has attempted to raise in his brief which are not covered by the motion for new trial have been waived. *Haddock v. State* (1965), 246 Ind. 669, 671, 207 N. E. 2d 813.

The decision of the Trial Court is, therefore, affirmed.

DeBruler, C. J., and Arterburn, Hunter and Jackson, J.J., concur.

NOTE.—Reported in 245 N. E. 2d 334.