GRAHAM v. STATE OF INDIANA.

[No. 1268-S-202. Filed June 20, 1969. No petition for rehearing filed.]

*William C. Erbecker, James Manaham,* Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Murray West,* Deputy Attorney General, for appellee.

HUNTER, J.—This is a criminal action instituted by the filing of an affidavit in the Madison Circuit Court charging appellant with the crime of Second Degree Burglary. Appellant was arraigned and entered a plea of Not Guilty. The cause was tried by the Court without the intervention of a jury which resulted in finding the appellant guilty.

On July 23, 1968, the appellant filed his motion for a new trial. The only grounds for the new trial which have been

urged on appeal are "(T)hat the finding of the court is contrary to law" and "that the finding of the court is not sustained by sufficient evidence."

The appellant did not file a memorandum supporting these contentions with his motion for a new trial. Supreme Court Rule 1-14B provides:

> "Whenever a new trial is requested on the ground or grounds 'that the verdict or decision is not sustained by sufficient evidence or is contrary to law,' the moving party shall file a memorandum stating specifically under such itemized cause wherein such evidence is insufficient or the verdict or decision is contrary to law. The party filing such motion shall be deemed to have waived any ground not specified in the memorandum. (Adopted Jan. 13, 1967, effective March 1, 1967.)"

This rule was adopted eighteen months prior to the filing of the motion for a new trial in the case at bar. It requires that a party present an alleged reversible error to the trial court with some degree of specificity prior to presenting it to this court on appeal. The rule was intended to allow a trial court some opportunity to review and correct its own errors and, thereby, in some instances avoid the extra travail and expense of an appeal.

The above specifications "were not properly presented to the Trial Court and will not be considered on appeal here." *Lynch v. State* (1969), 252 Ind. 54, 245 N. E. 2d 334.

Judgment affirmed.

Arterburn, Givan and Jackson, JJ., concur. DeBruler, C. J., dissents with opinion.

## DISSENTING OPINION

DeBruler, C. J.—The errors argued in appellant's brief are that the finding of the trial court is not sustained by sufficient evidence and is contrary to law. These errors were included in appellant's motion for new trial but the motion was not accompanied by a memorandum, required

by Supreme Court Rule 1-14B, specifying wherein the finding was not sustained by sufficient evidence or was contrary to law.

The majority refuses to determine on the merits the errors raised in appellant's brief on the grounds that appellant's trial counsel did not present those errors to the trial court in a properly prepared motion for new trial, in accordance with the above Rule. We should point out that counsel representing appellant on this appeal are in no way responsible for the motion for new trial in this case.

The non-compliance with this Rule was also an issued in *Lynch v. State* (1969), 252 Ind. 54, 245 N. E. 2d 334, cited as authority in the majority opinion. I concurred in that case but since then I have decided that I can longer concur in the court's application of this Rule in criminal cases.

I do not disagree with the purpose of this Rule as the majority states it. In addition to that, I believe there is another reason for the Rule. Too often a reversal of a trial judge has an adverse effect upon his career as a judge. This effect is to be deplored for two reasons: First, reversals are seldom an indication of the quality of the trial judge's work; and second, the inordinate amount of public comment on the rare reversals distorts the true picture of the job a trial judge is doing. So long as the present system of selecting trial judges exists in Indiana there is some justification for a rule which permits a trial judge to be apprised of the alleged errors for which he might be reversed. If this system of selecting trial judges were to be changed I would favor abolishing the Rule which makes mandatory the presentation of alleged errors to trial judges as a condition precedent to appeals. As an example, in the federal system there is a motion for new trial but it is not a mandatory condition precedent to appeal. Therefore, the federal appeal process is simpler, it eliminates the type of waiver problems discussed in this

opinion, and it gives the federal appellate court more complete control over the appellate process.

Although the purpose of the Rule may be sound, the method chosen by this Court of serving that purpose is not acceptable to me. I believe that it is a violation of the fundamental, constitutional law of this State for this Court to hold that a defendant in a criminal case has waived an error on appeal, no matter how serious and fundamental the error, solely because his trial counsel did not properly present the error to the trial court in a motion for new trial.

It has long been settled in Indiana that an appellant in a criminal case has a constitutional right to an appeal. The Indiana Constitution provides that:

"The Supreme Court shall have jurisdiction, coextensive with the limits of the State, in appeals and writs of error under such regulations and restrictions as may be prescribed by law. It shall also have such original jurisdiction as the General Assembly may confer." Art. 7, § 4.

In discussing this section, this Court in *Warren v. Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399, said:

". . . It is to be noted that the jurisdiction of this court in appeals and writs of error is absolute, which is quite different than if the Constitution had provided that such jurisdiction should be exercised in such cases as the Legislature might direct. The only power of the General Assembly over such jurisdiction is to regulate and restrict it. The words 'regulate and restrict,' as used in the Constitution, have long had a clear and definite meaning. They do not imply the right to prohibit or forbid."

That case has been relied on in many cases since then and has never been overruled. In *State ex rel. White v. Hilgemann* (1941), 218 Ind. 572, 34 N. E. 2d 129, this Court said:

"In *Warren v. Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. (2d) 399, it was concluded, upon a careful consideration of the authorities, that the Constitution of Indiana

guarantees an absolute right to a review by this court; that the Legislature has the right to regulate and provide procedure for obtaining a review, but not to curtail or deny the right. Review has been made available by the statutory appeal, but the right to review is available in all cases, and, where the statutory appeal is inadequate, the writ of error or other appropriate means may be resorted to."

Again, in *Indianapolis Life Ins. Co. v. Lundquist* (1944), 222 Ind. 359, 53 N. E. 2d 338, the Court said:

". . . It is sufficient to say that by subsequent decision this court is clearly committed to the doctrine that courts have jurisdiction to grant new trials beyond the statute (see cases, *supra*), and that the right to an appeal does not depend upon a statute. *Warren v. Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. (2d) 399."

In referring to the latter case this Court stated:

"Although the court in the Indianapolis Life case, *supra*, was discussing civil rights and remedies, yet the reasoning applies *with even more force in criminal cases where the defendant is deprived of his liberty or life*. The General Assembly of Indiana clearly recognized this constitutional guarantee when it enacted ch. 189 of the 1947 Acts . . . Section 5 of the Act provides:

" 'The Supreme Court of Indiana may, for good cause shown, under such rules as it may adopt or under such orders as it may make in a particular case, permit appeals from a judgment of conviction after the original time for taking an appeal has elapsed.'

"Thus in this court both under our Bill of Rights and the statute are placed the right and duty to protect the individual against abuse of power by his government." (Emphasis added.) *State ex rel. Lake v. Bain* (1948), 225 Ind. 505, 76 N. E. 2d 679.

See also *State ex rel. City of Marion v. Grant Circuit Court* (1959), 239 Ind. 315, 157 N. E. 2d 188; *Bozovichar v. State* (1952), 230 Ind. 358, 103 N. E. 2d 680.

However, the effect of Rule 1-14B is in effect to curtail and deny appellant's constitutional right to an appeal. I be-

lieve that this fundamental right of a criminal defendant to an appeal means that this Court is required to indulge a presumption in favor of reaching all errors raised in an appellant's brief and deciding them on the merits. Only in the clearest case should we find a waiver by an appellant of the constitutional right to appeal. The United States Supreme Court discussed waiver of rights as follows:

> "There is insistence here that petitioner waived this constitutional right. The District Court did not so find. It has been pointed out that 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we 'do not presume acquiescence in the loss of fundamental rights.' A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to Counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson v. Zerbst* (1938), 304 U.S. 458, 82 L.Ed. 1461, 58 S.Ct. 1019.

And again in *Fay v. Noia* (1963), 372 U. S. 391, 9 L. Ed. 2d 837, 83 S. Ct. 822:

> "The classic definition of waiver enunciated in *Johnson v. Zerbst*, 304 U.S. 458, 464, 82 L. Ed. 1461, 1466, 58 S. Ct. 1019, 146 A.L.R. 357—'an intentional relinquishment or abandonment of a known right or privilege' furnishes the controlling standard. If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forwent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate bypassing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits."

Under this test we could not presume from the fact that an appellant's trial counsel failed to file a motion for new trial, that appellant knowingly and intelligently waived his right to an appeal. It is the appellant's liberty at stake, his

rights at issue, and it is he who must waive his right to an appeal if it is to be waived.

The case before us is even stronger. Here the trial attorney filed a motion for new trial which was defective. It is obvious that appellant and his attorney were actively seeking a review of certain specific errors. There is no possible way to infer from this defective motion that the appellant intelligently and knowingly waived his right to appeal these errors.

In addition to the complete absence of a waiver by appellant of his right to appeal there is an obvious, clear violation of appellant's right to have effective representation by counsel at the stage in the proceedings where he was required to file a motion for new trial. Article 1, §13, Indiana Constitution; *Wizniuk v. State* (1961), 241 Ind. 638, 175 N. E. 2d 1; *State ex rel. Grecco v. Allen Circuit Court* (1958), 238 Ind. 571, 153 N. E. 2d 914; *Gideon v. Wainwright* (1963), 372 U. S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792. In *Johns v. State* (1949), 227 Ind. 737, 89 N. E. 2d 281, we said:

> "The attorney's testimony taken as a whole concerning the fifteen or thirty minutes conference had with the appellant leaves the inescapable conclusion that he did not afford the appellant the representation required by the decisions of this court under § 13 of Article I of our Bill of Rights. *A mere perfunctory representation by counsel is insufficient.* (Omitting citations) Nor did it comply with the rules laid down by the United States Supreme Court on the right to competent and adequate counsel under the 'due process' clause of the Fourteenth Amendment. *Powell v. Alabama* (1932), 287 U.S. 45, 77 L.Ed. 158, 53 S.Ct. 55, 84 A.L.R. 527." (Emphasis added.)

The majority uses a patently ineffective representation by appellant's trial counsel as a basis to presume the appellant waived his right to appeal. This does not seem to me to move in the spirit of Judge Draper when he said, "Constitutional rights should not be grudgingly extended." *Cook v. State* (1953), 231 Ind. 695, 110 N. E. 2d 749.

This is not to say that this Court should have no rules of procedure regulating appeals. However, the rules should be designed to enlarge as much as possible the right of a defendant to have a review in this Court on the merits of each error raised in his brief. We should not bury appellant's right to review in a labyrinth of procedural technicalities. As this Court said in *Johns v. State, supra:*

> "No one questions the propriety of rules, either statutory or court made, for the determination of appeals. But his court in recent years has in many instances properly refused to permit rules to become the instrument of oppression. *Where an accused has been deprived of his constitutional rights, negligence of counsel cannot be permitted to prejudice such rights of an accused where his life or liberty are involved.* This court has the power and it should be its duty to waive any given rule where, (1) an accused has been deprived of his constitutional rights, either under our Bill of Rights or under the Fourteenth Amendment, or, (2) where upon an examination of the entire record it appears that substantial justice has not been administered.
>
> \* \* \*
>
> "The fact that appellant's present counsel was mistaken as to the time in which appeal should be perfected should not prevent a review when the record is here, and the only defect is one raised by the court on its own motion in that the transcript and assignment of errors was not filed within thirty days after the judgment, as required by Rule 2-40. The constitutional *right to adequate and competent representation by counsel means nothing if we permit the obvious mistakes of counsel to prevent a review by this court on the merits.*" (Emphasis added.)

A similar situation was before this Court in *Wilson v. State* (1943), 222 Ind. 63, 51 N. E. 2d 848, where we said:

> "With such a record before us, what is our duty? The easy course would have been to examine the motion for new trial and, having found that the errors relied upon are not mentioned therein, to have affirmed the judgment. For such a decision there are many precedents. But in a case involving an appellant's life or liberty we may not ignore prejudicial errors affecting his constitutional rights

when, as here, they are clearly and adequately presented in appellant's brief with supporting bill of exceptions. *The procedural rules that would prevent their consideration must give way to the fundamental principles of due process. For this course also there are precedents.*" (Emphasis added.)

See also *Ford v. State* (1967), 248 Ind. 438, 229 N. E. 2d 634.

Rule 1-14B is also faulty from the purely practical point of view. Whether there is any evidence to support a conviction in a state court is a *federal question. Thompson v. Louisville* (1960), 362 U. S. 199, 4 L. Ed. 2d 654, 80 S. Ct. 624. The extent to which this Court may refuse to consider that federal question due to a procedural default by trial counsel is itself a federal question. *Henry v. Mississippi* (1965), 379 U. S. 443, 13 L. Ed. 2d 408, 85 S. Ct. 564. Therefore, whenever this Court, in the absence of an intelligent waiver, presumes a waiver of the first federal question due to a procedural default by trial counsel, the defendant has a valid claim for post conviction relief in our federal district court. It is illusory for this Court to think that it is really disposing of a case when it refuses to decide all questions raised on the merits. It is merely breeding expensive post conviction litigation either in the state courts or in the federal courts.

This harsh waiver rule applied by the majority has been accepted on the ground that it is the only way to insure that all errors, for which appellate review is sought, will be presented first to the trial court for his consideration. I do not accept this reasoning. It seems obvious to me that a technique can be devised which would allow the trial court to consider all the errors which a defendant wants to argue on appeal. Thus, the purpose of the motion for new trial rules would be served but the waiver problem would be eliminated. I will not burden this opinion with a detailed draft of a proposed rule, but one possibility would be to serve a copy of the appellate briefs on the trial court for his review

as if they were a motion for new trial. The trial court would then have a chance to correct any errors raised in the appeal brief prior to review in this Court.

The advantages of such a rule seem obvious:

(1) The trial judge would have a much fuller presentation of the alleged errors than under the present system and he also would have the benefit of the legal research of the appellant's counsel and the staff of the Attorney General.

(2) In this Court criminal defendants would receive a determination on the merits of all errors raised in a brief, which has been composed unhurriedly and with the benefit of a transcript.

(3) Disposing of these questions on the merits on appeal will reduce the amount of time and money expended at the trial court level in post conviction proceedings.

Even without a rule such as this, this Court on its own motion could enter an order remanding this case to the trial court for its inspection of the errors raised in the brief which were not properly presented to the trial court in the motion for new trial. This is what I would do in every such case as this, in order that the waiver problem be eliminated.

NOTE.—Reported in 249 N. E. 2d 25.