MCKINLEY v. STATE OF INDIANA.

[No. 668-S-85. Filed November 21, 1969.]

*Palmer K. Ward,* Indianapolis, for appellant.

*John J. Dillon,* former Attorney General, *Murray West,* former Deputy Attorney General, for appellee.

JACKSON, J.—On January 23, 1968, appellant was charged by an affidavit in two counts. Count I charged the appellant with the crime of Commission of a Felony While Armed, and Count II the crime of Auto Banditry. To these charges the appellant entered a plea of not guilty.

The appellant waived his right to trial by jury, and the cause was tried by the court on February 16, 1968. The court found appellant guilty of Commission of a Robbery While Armed, as charged in Count I of the affidavit, but sustained the appellant's motion for discharge as to Count II of the affidavit. Judgment was pronounced on March 8, 1968, and appellant was sentenced to the Indiana Reformatory for a period of not less than ten (10), nor more than Twenty-five (25) years and disenfranchised and rendered incapable of holding any office of trust or profit for a period of ten (10) years.

On March 14, 1968, appellant filed his Motion for a New Trial, which reads in pertinent part as follows:

"The defendant herein, by his attorney, court appointed public defender and (sic) moves for a new trial for the following reasons:

1. The finding of the Court is contrary to law.

2. The finding of the Court is not sustained by the evidence.

Wherefore, the defendant prays for an order from this Court setting aside the previously entered judgment and granting a new trial."

The memorandum attached to the Motion for a New Trial reads in pertinent part as follows:

"The defendant in this case contends that there was no positive identification that was beyond a reasonable doubt made during the course of this trial. Therefore, the judgment is contrary to law because of the insufficiency of the evidence."

Appellant's Motion for a New Trial was overruled on March 14, 1968, the same day it was filed, and on appeal before this Court appellant's sole assignment of error is that the trial court erred in overruling his motion for a new trial.

From the evidence adduced at trial it appears that on January 18, 1968, Mabel Wilson was working at the M & M Bargain Center at 129 E. 22nd Street, Indianapolis, Indiana. She

testified that the appellant came into the store at approximately 3:00 that afternoon. She stated that she helped him gather some merchandise, and he handed her a Midwest Bank credit card and told her to charge the purchase. Due to the value of the merchandise gathered, it was necessary for the witness to call the bank for clearance. She stated that the bank told her to hold the card. The witness said that she then told the appellant that he could not have the merchandise. He asked her for the card and she told him that he could not have that either. She testified that the appellant then pulled a gun from his pocket, and ordered her to lay down in a back room. While the witness was lying on the floor the appellant took the money in the cash register. The witness was then ordered to put the merchandise in a sack. She stated that the merchandise was worth approximately seventy-seven dollars. While the witness was looking for the credit card to return it to the appellant, the appellant went to the door of the store to look out. It was there that he was grabbed by two police officers who responded to a radio dispatch that an alarm had sounded at the M & M Bargain Center.

Count I of the affidavit, which charges the appellant with the crime of Commission of Robbery While Armed, reads in pertinent part as follows:

"BE IT REMEMBERED, That, on this day before me, NOBLE R. PEARCY Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came DONALD R. GOEDEN who, being duly sworn, upon his oath says that MICHAEL J. McKINLEY on or about the 18th day of JANUARY, A.D. 1968, at and in the County of Marion in the State of Indiana, being then and there over the age of sixteen (16) years, did then and there unlawfully, feloniously, forcibly by violence and by putting MABEL WILSON, in fear with a firearm, to-wit: REVOLVER, did then and there take from the person and possession of the said MABEL WILSON, money then and there of the value of SIXTY SEVEN DOLLARS and SEVENTY FIVE CENTS ($67.75), in lawful money, said money then and there the property of RUSSELL COURSON and MILTON GILBERT doing business as M & M BARGAIN STORE, then and there being contrary to the form of the statute in such case

made and provided, and against the peace and dignity of the State of Indiana."

On appeal appellant contends that the State failed to prove a material allegation of the affidavit. The appellant calls attention to that portion of Count I of the affidavit which states that appellant committed robbery "* * * *forcibly by violence* and by putting Mabel Wilson, in fear with a firearm * * *." It is appellant's contention that the record is barren of any evidence whatsoever to sustain the charge that appellant acted "forcibly by violence" in carrying out the alleged robbery. In short he contends that the State failed to establish the crime charged for the reason that it did not adduce any evidence to establish that the appellant used "violence" in the commission of the act.

It is the sole contention of the appellee that the issue argued by the appellant is not properly before this Court. The State contends that since the appellant failed to mention the lack of evidence as to force and violence in his Motion for a New Trial, he cannot now present the question on appeal.

The argument pressed by appellee is one supported by Indiana Supreme Court Rule 1-14B, which reads as follows:

> "New Trial—Memorandum. Whenever a new trial is requested on the ground or grounds 'that the verdict or decision is not sustained by sufficient evidence or is contrary to law,' the moving party shall file a memorandum stating specifically under such itemized cause wherein such evidence is insufficient or the verdict or decision is contrary to law. The party filing such motion shall be deemed to have waived any ground not specified in the memorandum."

As interpreted by this Court in *Graham* v. *State* (1969), 252 Ind. 367, 249 N. E. 2d 25, Rule 1-14B "requires that a party present an alleged reversible error to the trial court with some degree of specificity prior to presenting it to this court on appeal." In the case at bar appellant failed to include in his Motion for a New Trial or the attached memorandum the allegation that the State failed to

prove violence in the commission of the act. Therefore, under Rule 1-14B, he cannot now argue that question on this appeal.

In his reply brief appellant argues that strict application of Rule 1-14B would result in a denial of due process of law in that it would deny appellant the right to review of the trial court proceedings. Appellant points out that his court appointed counsel on appeal is not the same attorney who defended the appellant in the trial court, and who prepared the appellant's Motion for a New Trial. Appellant contends that his appellate counsel was appointed on March 15, 1968, and that the time for filing a Motion for a New Trial expired on March 18, 1968. Appellant further points out that a weekend intervened between these two dates. He contends that counsel on appeal did not have an opportunity to examine the record to determine whether an amended motion for a new trial should be filed.

We agree with appellant that strict application of Rule 1-14B can, at times, work injustice on a defendant in a criminal case. This is especially true in those cases, as here, where the attorney appointed by the trial court to represent the defendant on appeal is not the same attorney appointed by the court to represent the defendant at trial. We also are of the opinion, however, that Rule 1-14B is necessary to afford the trial court an opportunity to correct any alleged error prior to review by this Court. We therefore will not abrogate Rule 1-14B.

It was in consideration of this type of dilemma that this Court recently adopted Indiana Supreme Court Rules PC 1 and PC 2. Rule PC 2 applies only to those situations where: 1) due to no fault of the defendant a Motion for New Trial was not timely filed; and 2) a Motion for New Trial was timely filed and overruled, but, through no fault of the defendant, an appeal was not perfected. In the case at bar a Motion for New Trial was timely filed and an appeal was timely perfected after the trial court overruled

the Motion for New Trial. Therefore, the appellant does not meet the requirements of Rule PC 2.

However, the appellant does meet the requirements of Rule PC 1, § 1 (a), which reads as follows:

"Any person who has been convicted of, or sentenced for, a crime by a court of this State, and who claims:

(1) that the conviction or the sentence was in violation of the Constitution of the United States or the Constitution or laws of this State;

(2) that the court was without jurisdiction to impose sentence;

(3) that the sentence exceeds the maximum authorized by law, or is otherwise erroneous;

(4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

(5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint;

(6) that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy;

may institute at any time a proceeding under this Rule to secure relief."

In the case at bar the appellant contends that his conviction was in violation of the laws of the state in that he was charged by the affidavit with using "violence" in the commission of the crime, but the record is absolutely void of any evidence of violence. Therefore, under Rule PC 1 § 1 (a) the appellant may "institute at any time a proceeding under this rule to secure relief." If the trial court denies the requested relief the appellant may then appeal the ruling of the trial court to this Court pursuant to the provisions of Section 7 of Rule PC 1, which reads as follows:

"An appeal may be taken to the Supreme Court by the petitioner or by the State from the final judgment in this proceeding, under the rules applicable to civil actions."

On such an appeal this Court will consider any alleged errors of the trial court in the Rule PC 1 proceedings, including errors committed by the trial court in ruling on questions of law.

Thus, by availing himself of the provisions of Rule PC 1 the appellant will afford himself an avenue for appellate review of alleged errors committed by the trial court in the trial which resulted in his conviction, and at the same time provide the trial court an opportunity to correct any alleged errors prior to review by this Court. The procedure provided by Rule PC1 will thus not only afford the appellant with adequate review of alleged errors, but will also preserve the benefits of Rule 1-14B.

Therefore, since we are prevented by Rule 1-14B from deciding the case at bar on the merits, we are compelled to and do, hereby, dismiss this appeal without prejudice and with leave to pursue any available remedy under Rule PC 1.

Givan, J., concurs; Hunter, J., concurs in result; Arterburn, J., dissents; DeBruler, C.J., dissents with opinion.

### DISSENTING OPINION

DeBruler, C.J.—I again find myself unable to agree with the opinion of this Court. This Court is, for the third time in eight months, faced with an appeal in a criminal case wherein appellate counsel, in his brief, is urging this Court to consider an alleged error which was not argued in the memorandum to appellant's motion for a new trial, as required by Supreme Court Rule 1-14B. And the Court is again determining that appellant has thereby waived his right to urge that alleged error on appeal. I dissent from this determination of waiver. See my dissent in *Graham* v. *State* (1969), 252 Ind. 367, 249 N. E. 2d 25.

The majority bases its adherence to Supreme Court Rule 1-14B upon the policy underlying it, namely, that the trial

judge should have an opportunity to consider and correct his own alleged errors, and further rejects the request of appellate counsel to abrogate the Rule. It is not necessary to abrogate the Rule in order to avoid the waiver of rights. The trial judge can be afforded the opportunity to consider the errors raised in appellant's brief, by a simple order of this Court, remanding the cause to the trial judge for the sole purpose of ruling upon the errors argued by appellate counsel in his brief. The trial judge would then be required to certify his ruling back to this Court. Opportunity would be granted to appellee to amend its brief if necessary. This simple procedure would be inexpensive, fair to the trial judge, and conserve the work already done by appellate counsel.

The practical effect of the disposition of this appeal by a dismissal without prejudice with leave to pursue a post-conviction remedy is to generate expensive and time-consuming litigation which could be avoided by using the remand procedure outlined above.

NOTE.—Reported in 252 N. E. 2d 420.