OAKLEY AND TODD v. CARROLL CO. COMMISSIONERS, ETC.

[No. 1269S308. Filed June 24, 1970. No petition for rehearing filed.]

*A. D. Bishop, Dick N. Bishop, Bishop & Bishop*, of Flora, for appellants.

*William J. Briggs, Briggs & Briggs,* of Flora, *Arch N. Bobbitt, Rex P. Killian, Ruckelshaus, Bobbitt & O'Connor,* of Indianapolis, for appellees.

ARTERBURN, J.—On July 6, 1967, the Board of Commissioners of the County of Carroll adopted an ordinance providing for the incorporation of the Town of Burlington and appointed three election inspectors to conduct an election for officers of the new town. Appellants filed a complaint as a statutory "appeal" pursuant to Burns' Ind. Stat. Anno. §§ 48-4501, *et seq.,* seeking to have the ordinance of incorporation set aside and held for naught by the Carroll Circuit Court.

Appellants denominated the Board of Commissioners of Carroll County, from whose action the appeal was taken, and the election inspectors as party defendants in the suit to restrain the holding of the election.

The appellees filed what was denominated a "plea in abatement," stating that the court had no jurisdiction under the statutory appeal because the appellants had failed to name the "Town of Burlington" as a party defendant. The trial court sustained the plea in abatement and dismissed the statutory appeal. From this judgment the appellants appeal to this court, contending that it was not necessary to name the "Town of Burlington" as a party defendant in the appeal from the Board of County Commissioners' ordinance.

The contentions center about the interpretations to be given the statutes relating to the statutory appeal. Burns' Ind. Stat. Anno. § 48-110 reads in part as follows:

". . . The procedure for the passage of the ordinance provided for herein shall be that procedure which is used to govern the promulgation and passage of ordinances by cities and may be appealed as provided in chapter 245 of the Acts of the Indiana General Assembly of 1933 [§§ 48-4501 —48-4509] as the same has been amended or supplemented: . . ."

Burns' Ind. Stat. Anno. § 48-4501 refers to appeals from ordinances passed by a city and also by a city's Board of Pub-

lic Works, Board of Park Commissioners and "any other board" of such city and provides for the filing, in the circuit of superior court of the county in which such city is located, of a complaint which shall contain:

> "First: The title of the cause, specifying the name of the court and the county in which the appeal is filed, whether it is an appeal from the board of public works or board of park commissioners, or common council, as the case may be, and the name or names of every party plaintiff to such appeal. Such city shall be named as the only defendant. The board of public works, or the board of park commissioners, or the common council, and the individual members of any board or common council shall not be made parties defendant to any such complaint."

Appellees insist that the statement "such city shall be named as the only defendant" is mandatory and the failure of appellants to so comply is the fatal error they have committed here. We do not take that view of the matter. It is apparent that the statute under consideration, as written originally, applied only to ordinances passed by towns or cities or one of its boards or subdivisions. Naturally, the city itself should be made a party to an appeal from any of its actions, since it is directly involved. It does not follow that in an appeal from the Board of County Commissioners a city must be made a party defendant in every case. If the appeal is from the action of the Board of County Commissioners, it results naturally that the Board of County Commissioners is the party directly interested and it should be made a party defendant. This was done in this case. It appears still more logical that this should be the interpretation given where the act of the county commissioners which is being challenged is that of creating or bringing into existence a new city or town. Such a town does not yet have any officers upon whom the statute provides for a service of process in order to make it a party to the action. Where a statute refers to another statute for procedural purposes, we must interpret such a statute insofar as it is reasonably applicable to such appeals.

We should not follow an interpretation which reaches absurd results, as in the case of the interpretation urged by the appellees. Originally the appeal procedure prescribed by Burns' § 48-4501 was applicable only to cities. This is evident by its very wording. At a later time the legislature, in a rather careless manner, provided that this same procedure for appeals should apply to ordinances passed by county commissioners. Apparently the legislature, aware of the misfit in the application of the appeal procedure to county ordinances, repealed Burns' § 48-110 as of January 1, 1970, and provided a more precise and appropriate method of appealing the action of the county in incorporating a city or town. See Burns' Ind. Stat. Anno. §§ 48-129—48-402 (1969 Cum. Supp.).

In *State ex rel. City of Marion* v. *Grant Circuit Court* (1959), 239 Ind. 315, 157 N. E. 2d 188, this court took into consideration Burns' Ind. Stat. Anno. § 48-4501 and stated that the procedure should be followed only "where applicable."

The appellees contend that the three election inspectors appointed under the ordinance to conduct the election for town officials are the ones upon whom service of process should be made to bring the town into the proceedings as a party defendant. There is no provision in any statute that has been brought to our attention which permits service of process on election inspectors and equates such service as service upon a city or town. Service of process upon a corporate city or town is provided for specifically as follows:

> "*Service of process against corporations.*—The process against corporations may be served as follows:
>
> "(a)   Process against any municipal corporation that is a civil city may be served upon its mayor, and in his absence, upon the city clerk or clerk-treasurer; and if a civil town, upon the president of the board of trustees, and in his absence, upon the town clerk or clerk-treasurer, or if it is an incorporated library company, upon its librarian;"

Burns' Ind. Stat. Anno. § 2-804.

There is no authority we can find under which we could enlarge that statutory provision. We said previously the appeal is from the Board of County Commissioners. It is the one against whom the grievance is held, and it should be the party defendant in this appeal.

We further note that Burns' Ind. Stat. Anno. § 48-120 provides:

> *"Corporate name of town.*—The president and trustees of such town, and their successors in office, shall constitute a body politic and corporate, by the name of the 'Town of ————,' according to the name of such town, and by such name shall have authority to prosecute and defend suits to which such town is a party."

Until such officials are elected there is no one upon whom service of process may be had and no one "to prosecute and defend suits to which such town is a party."

For the reasons stated, appellees' motion to dismiss is denied and the judgment of the trial court is reversed, with directions to overrule the "Plea in Abatement," and with further proceedings in conformity with this opinion.

Hunter, C.J., Givan and DeBruler, JJ., concur. Jackson, J., concures in result.

NOTE.—Reported in 259 N. E. 2d 415.