**Joseph F. SEXTON, d/b/a Valle Vista Armes and Valle Vista Associates, Ltd., an Illinois limited partnership, Appellant, (Petitioner Below)**

**v.**

**JOHNSON SUBURBAN UTILITIES, INC., (Respondent Below) and Union Federal Savings and Loan, (Intervenor Below), Appellees.**

**No. 2–1180A387.**

Court of Appeals of Indiana,
Second District.

July 9, 1981.
Transfer Denied Oct. 21, 1981.

John M. Cregor, Douglas E. Cregor, Dongus, Cregor & Messick, Indianapolis, for appellant.

Good & Bertram, and Leslie Duvall, Duvall, Tabbert, Lalley & Newton, Indianapolis, for appellees.

SHIELDS, Judge.

Joseph F. Sexton d/b/a Valle Vista Armes and Valle Vista Associates, Ltd. (Sexton) appeals the dismissal of his complaint by the Public Service Commission of Indiana (PSC).

We affirm.

Sexton argues three issues:

(1) PSC abused its discretion in striking Sexton's complaint;

(2) The Court of Appeals has the power to grant emergency relief and alter, amend, or suspend a utility's rates and charges when the PSC has abused its discretion in denying that relief;

(3) The Court of Appeals has jurisdiction to grant emergency equitable relief if Sexton has no standing to raise the question of inequitable and discriminatory rates.

On May 19, 1980 Sexton filed a complaint with PSC alleging Johnson Suburban Utilities (Johnson) charged unreasonable and discriminatory rates in its sewer hook-up charges and minimum monthly service charges. Johnson filed a motion to strike Sexton's complaint on the basis that only ten (10) or more individuals may file a formal complaint with PSC against a public utility. On August 20, 1980 PSC granted the motion to strike, citing IC 8–1–2–54 (Burns Code Ed.) which states the following:

"Upon a complaint made against any public utility by any mercantile, agricultural or manufacturing society or by any body politic or municipal organization or by ten [10] persons, firms, corporations or associations, or ten [10] complainants of all or any of the aforementioned classes, or by any public utility, that any of the rates, tolls, charges or schedule or any joint rate or rates in which such petitioner is directly interested are in any respect unreasonable or unjustly discriminatory, or that any regulation, measurement, practice or act whatsoever affecting or relating to the service of any public utility, or any service in connection therewith, is in any respect unreasonable, unsafe, insufficient or unjustly discriminatory, or

that any service is inadequate or cannot be obtained, the commission shall proceed, with or without notice, to make such investigation as it may deem necessary or convenient. But no order affecting said rates, tolls, charges, schedules, regulations, measurements, practice or act, complained of, shall be entered by the commission without a formal public hearing."

### ISSUE I

Sexton claims PSC abused its discretion in striking his complaint. Within this issue Sexton makes several arguments.

 First, Sexton contends that because Johnson is imposing 340 connection and monthly minimum fees upon him[1] a reasonable interpretation is that he is petitioning for 340 persons. Sexton claims that because Johnson serves a very limited territory and few customers there may be less than ten [10] customers to complain. This circumstance, he argues, should "affect what persons are to be counted" under IC 8–1–2–54. We reject this argument. Section 54 is clear and unambiguous in requiring the complaint be brought by "any mercantile, agricultural or manufacturing society or by any body politic or municipal organization or by ten [10] persons, firms, corporations or associations . . . ." Construction of a statute is unnecessary and improper when the language used is clear and unambiguous. *Henderlong Lumber Co., Inc. v. Zinn*, (1980) Ind.App., 406 N.E.2d 310.

 Second, Sexton argues the PSC's reliance on IC 8–1–2–54 is erroneous because his complaint was for emergency relief under IC 8–1–2–113 (Burns Code Ed.) and, as such, he is required only to show "injury to the business or interests of the people." Section 113 gives PSC the power to suspend rates in case of an emergency.

---

1. Sexton is the builder, owner and manager of the apartment complex known as Valle Vista Armes which contains 340 rental units. The cost of water and sewage utility service is included in the rental price of each apartment.

"This section of the statute contemplates that the Commission should be empowered to take temporary action in case of emergency for the benefit of the public interest." *Indiana Forge and Machine Company v. Northern Indiana Public Service Commission*, (1979) Ind.App., 396 N.E.2d 910, 915. Section 113 does not negate the standing requirement imposed by section 54 but rather only delineates the power of the PSC. If petitioner has the requisite standing, PSC cannot refuse to consider a petition for relief under section 113. *Id.* at 915. However, except to the extent PSC acts *sua sponte*, until a party or parties with standing invoke the jurisdiction of the PSC, its powers are only of theoretical interest.

■ Third, Sexton argues he had standing before the PSC under IC 8–1–2–46 (Burns Code Ed.). This argument is also rejected because of the scope of the statute. IC 8–1–2–46 imposes a duty on PSC to provide a comprehensive classification of service for each public utility. It does not pretend to affect the section 54 standing requirement.

■ Fourth, Sexton argues he should have standing under IC 8–1–2–34.5 (Burns Code Ed., Supp.1980). This argument is unpersuasive because Sexton's complaint is not one arising under section 34.5.

Section 34.5 requires PSC to establish rules and regulations to govern relations between utilities and their customers in the areas of extension of service, credit, deposits, billing procedures, termination of service, complaints, and notice to customers of their rights. Notwithstanding IC 8–1–2–54, PSC may investigate and enter orders on complaints filed by individual customers arising under section 34.5.

Sexton's complaint involves *rates* charged by Johnson for initial sewer hook-up and minimum monthly services charges, a subject not encompassed by section 34.5. Rather, IC 8–1–2–54 specifically provides that complaints against public utilities regarding "rates, tolls, charges or schedule or any joint rate or rates" shall be brought by "any mercantile, agricultural or manufacturing society or by any body politic or municipal organization or by ten [10] persons, firms, corporations or associations, or ten [10] complainants of all or any of the aforementioned classes, or by any public utility." IC 8–1–2–34.5 does not refer to rates or charges. A general statute such as IC 8–1–2–34.5 does not overrule or supersede the specific provisions in IC 8–1–2–54 unless it is clear there was an intent to do so. *County Council of Monroe County v. State ex rel. Monroe County Board of Public Welfare*, (1980) Ind.App., 402 N.E.2d 1285; *County Council of Bartholomew County v. Department of Public Welfare of Bartholomew County*, (1980) Ind.App. 400 N.E.2d 1187. Complaints by consumers about a utility's rates or charges fall within IC 8–1–2–54, therefore, Sexton's complaint is governed by the standing requirement of IC 8–1–2–54.

■ Fifth, Sexton contends that his petition should have been considered under IC 8–1–2–58 (Burns Code Ed.) as the petition was filed on the advice of one of the commissioners. IC 8–1–2–58 provides: "Whenever the Commission shall believe that any rate or charge may be unreasonable or unjustly discriminatory or that any service is inadequate, or cannot be obtained, or that an investigation of any matters relating to any public utility should for any reason be made, it may, on its own motion, summarily investigate the same, with or without notice." Sexton's contentions are again without merit. Section 58 empowers the Commission as a body to act upon its own motion. It makes no requirement that upon the suggestion of one commissioner PSC *must* exercise this discretionary power.

■ Sixth, Sexton claims that the petition to intervene of the Apartment Association of Indiana, Inc. (Apartment), if granted, would have cured any standing defects under section 54. Apartment's petition to intervene was filed *after* Sexton's complaint was struck. Apartment's petition to

intervene came too late and was properly determined moot. An intervenor is bound by all stipulations and rulings prior to the time he is made a party and an intervenor takes the case as he finds it. 170 IAC 1–1–9(d) (1979 Ed.). *L. S. Ayres & Co. v. Indianapolis Power & Light Co.*, (1976) 169 Ind.App. 652, 351 N.E.2d 814. In this instance, there was no pending proceeding in which Apartment could intervene because the motion to strike had been granted.

Finally, Sexton argues he has been denied due process. Sexton cites no authority for this proposition, rather he alleges that the administrative law judge misled him by certain statements made. This argument is waived since no coherent argument is made and there is no citation to authority. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

### ISSUE II

Sexton argues the Court of Appeals has the power to grant emergency relief and alter, amend, or suspend utility's rates and charges after PSC has abused its discretion. Since we have conduded that PSC did not abuse its discretion in dismissing Sexton's complaint, we do not address this issue.

### ISSUE III

Sexton also argues that if he is without statutory relief this Court has jurisdiction to entertain his suit in equity and to grant emergency relief. Although Sexton cites cases in support of this argument, none stand for the proposition advanced.

*State ex rel. City of Marion v. Grant Circuit Court*, (1959) 239 Ind. 315, 157 N.E.2d 188 holds an individual has the right to judicial review of administrative decisions by virtue of the Indiana state constitution, regardless of whether the legislature has provided for such judicial review in the statute. Sexton is not denied his right to judicial review in this case.

Sexton also cites *Decatur REMC v. Public Service Commission*, (1971) 150 Ind. App. 193, 275 N.E.2d 857 which held that if a statutory administrative remedy is available that remedy must be exhausted before resorting to common law or equitable relief. *Decatur REMC* does not hold that this Court of Appeals must grant equitable relief. In fact, the function of this court is to provide a judicial review of the actions, findings, and orders of PSC. IC 8–1–3–7 (Burns Code Ed.) specifically provides for the jurisdiction of the Court of Appeals: "Upon determination of the appeal, the court shall have jurisdiction to affirm or set aside such decision, ruling, or order of the commission, in whole or in part, or remand the proceeding to the commission with instructions." Nothing within IC 8–1–3–7 requires this court to grant emergency relief in equity and we decline to do so.

Order affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.