## PARKER *v*. STATE OF INDIANA.

[No. 369S66. Filed September 3, 1970. Rehearing denied November 9, 1970.]

G. *Stanley Hood,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

DEBRULER, J.—This is an appeal from a conviction for First Degree Burglary, Acts 1941, ch. 148, § 4, being Burns Ind. Stat. Ann. § 10-701(a) in a trial by jury in the Allen Circuit Court. Appellant's sole contention is that the witness, Janet Mangona's identification of appellant was illegal because appellant did not have counsel present at the identification. The pertinent facts are as follows:

On November 4, 1967, at approximately 1:30 a.m. the witness, Janet Mangona was returning to the apartment she shared with her parents on the second floor at 2101 Brooklyn Avenue, Fort Wayne, Indiana. As she pulled up to the house she saw the upstairs hall light come on. She went up the outside stairs at the rear of the house to the back porch. On the porch she saw a man facing her about 3-4 ft. away, standing in the light from the porch light. The witness asked the man what he was doing there and he replied that he was looking for the Smiths. The witness told him she did not know where any Smiths lived and the man brushed past her, shoving her against the wall and went down the steps. When the witness first saw the man he had his hands behind his back and as he went down the steps the witness saw that he was holding a blue suede billfold belonging to her mother. Her mother's big black pocketbook was lying open on the porch floor.

When the police arrived the witness told them the man was Negro, about 5'5" tall, wore a paisley shirt, green sweater, dark slacks, a hat and had silver hair showing under the hat.

Officer Smith testified that in response to a radio description he noticed appellant walking down the street wearing a

green sweater and dark slacks. Smith stopped appellant in a tavern parking lot and asked him to return to 2101 Brooklyn Avenue with two other police officers who had arrived. Appellant consented to do so. When Janet Mangona viewed appellant he was in the police car with the inside light on and a police officer also shined a flashlight in the car. Appellant never got out of the car and did not have a hat on but the witness testified that he was a Negro, wore a paisley shirt, green sweater, dark slacks and had silver in his hair. The witness told the police that the man in the car was the one she had seen with the purse. Officer Smith then returned to the parking lot where he had first contacted appellant and found the blue suede billfold belonging to Janet Mangona's mother.

At the trial the witness Mangona testified that appellant was the same man who was on her back porch and the same man who was brought back to her in the police car. Appellant objected to such testimony on the ground that the state had not laid the proper foundation for the identification by showing that appellant had an attorney present at the confrontation between the witness and appellant or that he had waived his right to have an attorney present. The trial court overruled the objection and admitted the evidence concerning the identification of appellant and appellant contends that this was reversible error.

Appellant's argument is based on *United States* v. *Wade,* (1967), 388 U. S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926, and *Gilbert* v. *California* (1967), 388 U. S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951, which held that a police-conducted pre-trial confrontation between a witness and a suspect is a critical stage in the criminal proceedings and hence that the suspect has a right under the 6th Amendment to the U. S. Constitution to be represented by counsel at that confrontation. A majority of this court has held that an on-the-scene confrontation between a witness and a suspect conducted within a reasonably short time after the commission of the crime for the purpose of determining whether the witness can

identify the suspect is not within the scope of the *Wade-Gilbert* rule. *McPhearson* v. *State* (1970), 253 Ind. 254, 253 N. E. 2d 226; *Lewis* v. *State* (1969), 252 Ind. 454, 250 N. E. 2d 358. Although I dissented from the majority position in those cases, I feel that I am now bound to apply the rule adopted by the majority therein and I proceed to do so.

Under the authority of the *McPhearson* case the appellant had no right to have counsel present at the confrontation between him and Mrs. Mangona. The police officers picked appellant up pursuant to a description by the witness and returned him to the scene within 15 minutes of the crime. This obviously qualifies as an on-the-scene confrontation between appellant and the witness within a reasonably short time after the commission of the crime.

The determination that the *Wade* rule does not apply in this case does not dispose of the issue however. We must next determine whether the confrontation deprived appellant of due process of law within the rule laid down in *Stovall* v. *Denno* (1967), 388 U. S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967.

The *Stovall* rule applies to those cases not covered by the *Wade* rule, both pre-*Wade* and non-*Wade* cases. The test is, looking at the totality of the circumstances, whether ". . . the confrontation conducted in this case was so unnecessarily suggestive and conducive to irreparable mistaken identification" that he was denied due process of law. 388 U. S. at 302.

We do not believe that it was. The witness got a long look at the face of the man on the porch from 3 to 4 feet away in a bright light. She gave the police a fairly detailed description of the man and his clothing and the man in the car had on clothes fitting that description. The witness was originally asked to identify him from the back but she stated she could not do so, because she had not seen him good from the back when she looked at him on the porch. This indicates the witness was not induced by the circumstances to identify just any person presented to her by the police. The identification

of the man in the police car occurred within 15 minutes after the man had run off the porch. After the witness had told the police officers that the man in the car was the man she had seen on the porch they asked her if she was sure and she said yes.

Under these circumstances we do not believe appellant was denied due process of law within the meaning of *Stovall* v. *Denno, supra.* We do not mean to imply that every-on-the-scene confrontation between witness and suspect within a reasonably short time after the crime will pass the *Stovall* test. It will depend upon the circumstances and the techniques used by the police in conducting the confrontation. It is in the interest of all concerned for the police to adopt general guidelines for conducting such confrontations. One area that is especially sensitive is the mental state of the witness as he approaches the confrontation. The police should take affirmative action to avoid giving the witness the idea that they have the man involved and what they are seeking is a confirmation from the witness. This could be done, for example, by not telling the witness that they have a suspect to be identified but that they have another witness who may have some pertinent information to give concerning the crime. The suspect, who of course should not be in handcuffs or conspicuously set apart from the police, may then be approached by the witness who may or may not recognize the suspect.

Judgment affirmed.

Hunter, C.J., Arterburn and Givan, JJ., concur. Jackson, J., concurs in result.

NOTE.—Reported in 261 N. E. 2d 562.