FRANK BLACK *v.* STATE OF INDIANA.

[No. 473S74. Filed December 26, 1973.]

*Jerome E. Levendoski,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with the crime of armed robbery. Trial by jury resulted in a verdict of guilty as charged. Appellant was sentenced to thirty years imprisonment.

The record reveals the following:

On January 13, 1972, at about 10:45 P. M. a woman, later identified as Judith Lynn Yancey, entered the Burger Dairy Store at 3003 Oxford Street, Fort Wayne, Indiana. After making some inquiry and looking about the store, she left. Some ten minutes later two men entered the store. One man produced a pistol and demanded money. The second man emptied the cash register and took the wallets of Philip

Mortenson and Gordon Crocker, who were in charge of the store at the time.

Mortenson and Crocker were then ordered to open a safe in the back of the room. After emptying the safe, the men ordered Mortenson and Crocker into a refrigeration unit where they remained for about twelve minutes. When they came out of the refrigerator, the robbers were gone. An investigation revealed that they had obtained $192 from the safe in addition to the wallets taken from Mortenson and Crocker.

At the trial Mortenson testified that appellant looked like one of the robbers, although he could not be certain of his identity because the appellant at the time of trial had a mustache and wore glasses, whereas at the time of robbery he was clean shaven and had no glasses.

Mr. Crocker testified that although the appellant's appearance was different at the trial than it was during the robbery, he was certain that the appellant was the person who held the pistol during the robbery.

Judith Yancey testified that she was the woman who entered the store just prior to the robbery, and that she did so for the purpose of "casing" the store. She further testified that she was in Irene Byron Hospital for rehabilitation from a drug habit, and that the prosecutor had promised he would not file charges in connection with the robbery, if she would seek treatment for her drug addiction, make restitution on a fraudulent check which she had uttered, and if she would cooperate in the investigation and trial in the instant case. In her testimony Mrs. Yancy described how the appellant and his companion had planned the robbery and how the three of them had driven around the city of Fort Wayne looking for a store that had no customers and was about to close. They checked out the Burger Dairy Store, backed their car into a parking area, and she went into the store to look the situation over. She returned to the car, reported to the two men that there were only two employees in the store and no customers. It was then that the appellant and his companion, Love,

entered and committed the robbery. She further stated that later when they returned to Mrs. Yancey's house, the men bragged about how easy it was to commit the robbery.

Appellant testified in his own behalf that he did not commit the robbery; that he could not say where he was that night; that Mrs. Yancey had lived with him for approximately two weeks, but that relationship terminated because his girl friend returned.

Appellant's sole argument is that the verdict of the jury is contrary to law in that it is not sustained by sufficient evidence. It is appellant's contention that the only evidence of his participation in the crime is the testimony of Mrs. Yancey. As above set out, there is evidence in addition to Mrs. Yancey's testimony, i. e., the positive identification by Mr. Crocker and the somewhat less positive testimony of Mr. Mortenson as to the identity of the appellant. However, even if Mrs. Yancey's testimony were the only evidence against the appellant, it would be sufficient to sustain his conviction. This Court has previously stated that a defendant may be convicted on the uncorroborated testimony of an accomplice. *Glover* v. *State* (1970), 255 Ind. 304, 263 N. E. 2d 723, 23 Ind. Dec. 614.

Appellant also contends that Mrs. Yancey was an incompetent witness because her consent to testify at the trial was not freely given as required by IC 35-1-31-3, BURNS IND. ANN. STAT. (1956 Repl.), § 9-1603. Appellant argues that Mrs. Yancey's testimony was induced by the State's offer to withhold charges against her if she would testify against the appellant. At the trial appellant did not object to Mrs. Yancey's testifying on the grounds here presented. His only attack on her testimony was an attempt to impeach her as being an unbelievable witness. As noted in *Jay* v. *State* (1965), 246 Ind. 534, 206 N. E. 2d 128, 5 Ind. Dec. 231, there is a presumption that a witness testifies voluntarily. Here Mrs. Yancey answered all questions forthrightly and without hostility. There was

no objection that she was under duress at the time of the trial nor was there any attempt on the part of the appellant to show such duress or its effect upon her testimony. The jury could not have been misled as to the State's agreement with Mrs. Yancey. This matter was fully disclosed to the jury as was her personal relationship with the appellant. The issue was thus one of credibility to be weighed by the jury.

This Court has often said that the credibility of the witness and the weight to be given the testimony are matters for the trier of fact. This Court on appeal will not substitute its judgment for that of the jury or the trial judge. *Hash* v. *State* (1973), 259 Ind. 683, 291 N. E. 2d 367, 34 Ind. Dec. 635. We find no reversible error in this record.

The trial court is, therefore, affirmed.

Arterburn, C.J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 304 N. E. 2d 781.