BILLY RAY WINSTON *v.* STATE OF INDIANA.

[No. 674S118. Filed February 25, 1975.]

10

*Stephen Johnson,* Deputy Public Defender, *Biddinger & Johnson,* of Marion, for appellant.

*Theodore L. Sendak,* Attorney General, *Gary M. Crist,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was charged with the crime of armed robbery. Trial by jury resulted in a verdict of guilty as charged. Appellant was sentenced to the Department of Corrections for a period of fifteen (15) years.

The record reveals the following: On October 7, 1973, at about 10:00 p.m., Appellant, wearing a loose stocking over his face, entered the Handy Andy Supermarket in Marion, Indiana. He approached Vicki Rogers, an employee who was in the process of closing out the cash register. Appellant produced a pistol and demanded money. Miss Rogers complied with Appellant's demands placing the store's money in a brown paper bag carried by Winston. Miss Rogers recognized the Appellant as a man named "Billy." He had been in the store on four (4) or five (5) prior occasions. Because of the manner in which the mask fit the Appellant, his facial features and characteristics were discernible by Miss Rogers.

Following the robbery, Miss Rogers called the police and gave a description of the Appellant including his first name. Acting upon this description, the police arrested the Appellant and took him to the police station for questioning. While at the police station, Miss Rogers viewed the Appellant through a window in the detective's room and by this observation, made a positive identification of the Appellant.

Appellant consented to a search of his apartment. During the search a brown paper bag containing Eighty-Six Dollars and Fifteen Cents ($86.15) was found in a toilet tank in

the bathroom. A store audit revealed that Ninety-Six Dollars and Three Cents ($96.03) was missing from the cash register of the store robbed.

Appellant first argues that the evidence was insufficient to support the verdict in that it was entirely circumstantial and revealed merely the opportunity to commit the crime. This Court will not weigh the evidence nor determine the credibility of a witness' testimony. *Black* v. *State*, (1973) 261 Ind. 410, 304 N.E.2d 781, 40 Ind. Dec. 200. Miss Rogers made a positive identification of the Appellant. She had ample opportunity to view him in adequate light and had seen him previously on several occasions. The testimony of Miss Rogers standing alone is sufficient to sustain the conviction of Appellant. *Grimm* v. *State*, (1970) 254 Ind. 150, 258 N.E.2d 407, 21 Ind. Dec. 349.

Appellant's next contention is in two parts: (1) that the trial court erred in overruling his motion to suppress the State's identification evidence; (2) the trial court erred in overruling his motion to suppress evidence recovered in the search of his apartment. To support his argument on the first point, Appellant cites *United States* v. *Wade*, (1967) 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 and *Gilbert* v. *California*, (1967) 388 U.S. 263, 87 S. Ct. 1951, 18 L. Ed. 2d 1178. Appellant claims that the identification made by Miss Rogers at the police station was improper in that it was suggestive and at that time he had not waived the right to counsel. The record shows that within an hour after the commission of the robbery, Miss Rogers viewed the Appellant at the police station, at which time he was not represented by counsel. The Supreme Court of the United States has decided the question based upon an almost identical factual situation. The Court held that the Sixth and Fourteenth Amendment right to counsel did not attach until "judicial adversary proceedings" (in Indiana this is a filing of an affidavit or indictment) had been initiated.

*Kirby* v. *Illinois,* (1972) 406 U.S. 682, 92 S. Ct. 1877, 32 L. Ed. 2d 411.

In *Martin* v. *State,* (1972) 258 Ind. 83, 279 N.E.2d 189, 29 Ind. Dec. 427, we held that any "post arrest" lineup was a critical stage in a criminal prosecution and, hence, the right to counsel attached. This result was reached by application of the vague "critical stage" analysis set forth in *Wade* and *Gilbert.*

Four months *after* our decision in *Martin,* the U.S. Supreme Court handed down *Kirby* v. *Illinois, supra.* Specifically, *Kirby* identified the point at which adversary proceedings begin, and thus the right to counsel attaches as:

". . . the defendant had been indicted or otherwise formally charged with any criminal offense." 406 U.S. 684, 32 L. Ed. 2d 414.

and further:

". . . at or after the initiation of adversary judicial criminal proceedings — whether by way of formal charge, preliminary hearing, indictment, information or arraignment."

Once this point (and/or points) is defined by reference to the laws of the state, *Kirby* makes clear that any lineup preceding such initiation may be challenged only upon general due process grounds set out in *Stovall* v. *Denno,* (1967) 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967. *Kirby* at 406 U.S. 690-91, 32 L. Ed. 2d 418, states:

"What has been said is not to suggest that there may not be occasions during the course of a criminal investigation when the police do abuse identification procedures. Such abuses are not beyond the reach of the Constitution. As the Court pointed out in Wade itself, it is always necessary to 'scrutinize *any* pre-trial confrontation. . . .' 388 U.S. at 227, 18 L. Ed. 2d at 1157. The Due Process Clause of the Fifth and Fourteenth Amendments forbids a lineup that is unnecessarily suggestive and conducive to irreparable mistaken

identification. Stovall v. Denno, 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967; Foster v. California, 394 U.S. 440, 22 L. Ed. 2d 402, 89 S. Ct. 1127. When a person has not been formally charged with a criminal offense, Stovall strikes the appropriate constitutional balance between the right of a suspect to be protected from prejudicial procedures and the interest of society in the prompt and purposeful investigation of an unsolved crime."

*Stovall, supra,* sets forth the test and shows its application to identification procedures occurring prior to the initiation of formal proceedings:

"We turn now to the question whether petitioner, although not entitled to the application of Wade and Gilbert to his case, is entitled to relief on his claim that in any event the confrontation conducted in this case was so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law. This is a recognized ground of attack upon a conviction independent of any right to counsel claim. Palmer v. Peyton, 359 F. 2d 199 (CA 4th Cir. 1966). The practice of showing suspects singly to persons for the purpose of identification, and not as a part of a lineup, has been widely condemned. However, a claimed violation of due process of law in the conduct of a confrontation depends on the totality of the circumstances surrounding it, and the record in the present case reveals that the showing of Stovall to Mrs. Behrendt in an immediate hospital confrontation was imperative. The Court of Appeals, en banc, stated, 355 F. 2d, at 735, 'Here was the only person in the world who could possibly exonerate Stovall. Her words, and only her words, "He is not the man" could have resulted in freedom for Stovall. The hospital was not far distant from the courthouse and jail. No one knew how long Mrs. Behrendt might live. Faced with the responsibility of identifying the attacker, with the need for immediate action and with the knowledge that Mrs. Behrendt could not visit the jail, the police followed the only feasible procedure and took Stovall to the hospital room. Under these circumstances, the usual police station line-up, which Stovall now argues he should have had, was out of the question.' " 388 U.S. 301-02, 18 L. Ed. 2d 1206.

We therefore overrule *Martin* v. *State,* (1972) 258 Ind. 83, 279 N.E.2d 189, 29 Ind. Dec. 427, *supra.*

We now proceed to examine Appellant's contention that the confrontation at the time of the identification was so suggestive as to violate due process. We see no merit in this contention. For as above pointed out, in the case at bar Miss Rogers knew the Appellant from previous observations of him and made a positive identification on her own. She was the only person who could determine if the person arrested by the police was in fact the person she knew to have committed the crime. There is no evidence in this record of any suggestive action on the part of any police officer. In *Dillard* v. *State,* (1971) 257 Ind. 282, 274 N.E.2d 387, 27 Ind. Dec. 346, this Court stated:

". . . (1)   The facts bearing on whether the confrontation was conducted in such a fashion as to lead the witness to make a mistaken identification, *e.g.,* how the police asked the witness to attempt the identification, what the witness thought he was doing, the displayed attitude of the police towards the suspect, etc.   (2) The facts bearing on how good a chance the witness had to observe the perpetrator of the crime such that any suggestiveness in the conduct of the confrontation could be resisted by the witness and he could make an accurate decision as to whether the man presented was the man who committed the crime.   These would include the length of time the witness was in the presence of the perpetrator, the distance of the witness from him, the lighting conditions at the time, capacity for observation by the witness, opportunity to observe particular characteristics of the criminal, etc.   See Parker v. State, supra." 257 Ind. at 286, 274 N.E.2d at 389, 27 Ind. Dec. at 348.

We hold that under the facts in this case, the Appellant was not denied due process under the requirements set forth in *Stovall, supra.*   Therefore, the trial court did not err in allowing Miss Rogers to identify the Appellant.

As to Appellant's contention that the trial court erred in overruling his motion to suppress evidence recovered during

the search of his apartment, we observe the record discloses the Appellant signed a document which gave police permission to search his apartment. This document was signed after the Appellant had been fully advised of his constitutional rights. However, at the trial, Appellant contended that he did not know what he was doing when the instrument was signed. The evidence is conflicting on this issue, the State having produced several witnesses who testified contrary to the testimony of the Appellant. With such conflict in the evidence, this Court will consider only that evidence most favorable to the Appellee. *Black* v. *State, supra.* The evidence produced by the State is sufficient to uphold the ruling of the trial court that Appellant voluntarily consented to the search of his apartment. Therefore, the trial court did not err in allowing the evidence obtained by such search to be introduced into evidence.

We find no reversible error in this record. The judgment of the trial court is, therefore, affirmed.

Arterburn and Hunter, JJ., concur; Prentice, J., concurs in result with opinion in which DeBruler, J., concurs.

### CONCURRING AND DISSENTING OPINION

PRENTICE, J.—I concur in the result reached by the majority. I would not, however, retreat from our pronouncement in *Martin* v. *State*, (1972) 258 Ind. 83, 279 N.E.2d 189, that a post-arrest lineup is a "critical stage" requiring the presence of counsel under Article 1, Section 13 of the Constitution of Indiana. Recognizing *Kirby* v. *Illinois*, (1972) 406 U.S. 682, 92 S. Ct. 1877, 32 L. Ed. 2d 411 as disposing of this issue contrawise under the Sixth and Fourteenth Amendments of the Constitution of the United States, nevertheless, that determination is not dispositive of the same issue as viewed by this Court under our state constitution, inasmuch as our determination in no way violates the federal constitution but merely gives a more expansive right to counsel. The rule

in *Martin* is clear and workable and need be no great burden to the state.

In the case at bar, the identification by Miss Rogers occurred so close in point of time to the robbery that it did not constitute a critical stage requiring the presence of an attorney. As set out in *Martin, supra,* this Court has held

" '[T]his Court has held that an on-the-scene confrontation between a witness and a suspect conducted within a reasonably short time after the commission of the crime for the purpose of determining whether the witness can identify the suspect is not within the scope of the Wade-Gilbert rule. Parker v. State, (1970) [254] Ind. [593], 261 N.E.2d 562; McPhearson v. State, (1970) 253 Ind. 254, 253 N.E.2d 226; Lewis v. State, (1969) 252 Ind. 454, 250 N.E. 2d 358.' Dillard v. State, (1971) [257] Ind. [282], 274 N.E. 2d 387, 389." 279 N.E.2d at 190.

I, therefore, would affirm the decision of the trial court upon the right to counsel issue upon this basis.

DeBruler, J., concurs.

NOTE.—Reported at 323 N.E.2d 228.