LARRY EDWARDS AND RAYMOND FLEMING *v.* STATE OF INDIANA.

[No. 1175S309. Filed August 26, 1976.]

*John Kappos, Hawk P. C. Kautz,* of Merrillville, for appellants.

*Theodore L. Sendak,* Attorney General, *Arthur Thaddeus Perry,* Deputy Attorney General, for appellee.

HUNTER, J.—Defendants-appellants, Larry Edwards and Raymond Fleming, were both charged with two counts of inflicting physical injury in the perpetration of a robbery. Trial by jury resulted in the conviction of both defendants as charged on each count. Edwards was sentenced to life imprisonment on each of the two counts with the sentences being served concurrently. Likewise, Fleming was sentenced to two terms of life imprisonment with the sentences to be served concurrently.

The sole question upon appeal is whether the trial court erred in admitting into evidence the lineup to identification of Edwards and Fleming. Appellants argue that the identification should have been excluded because it was conducted in a manner which denied their right to counsel.

Before addressing appellants' argument it must be noted that appellee, State of Indiana, has raised a question of waiver due to appellants' failure to comply with Ind. R. Tr. P. 59(G). As we have previously held, issues not stated with specificity in the motion to correct errors are deemed waived on appeal. *Finch* v. *State,* (1975) 264 Ind. 48, 338 N.E.2d 629; *Spivey* v. *State,* (1971) 257

Ind. 257, 274 N.E.2d 227. However, as pointed out by Justice DeBruler in his dissent to *Finch,* this Court has in the past gone to the merits of appellate claims despite the lack of the requisite specificity in the motion to correct errors. 338 N.E. 2d at 631, and cases cited there.

In order to avoid future post-conviction proceedings and due to the constitutional nature of appellants' claim, we choose to reach the merits of the appeal despite the apparent procedural default.

The record reveals the following: On February 14, 1975, two men entered Nick's Grocery in Gary, Indiana. One was dressed in green army fatigues and the other had on a distinctive gray coat. After remaining in the store for several minutes, the pair displayed pistols and demanded that the cashier give to them the money from the cash register. As the two were leaving the store, the green fatigue clad robber began indiscriminately firing the pistol at those in the store. Two women were seriously wounded. One appellant, Larry Edwards, was apprehended a short distance from the store by a police officer who had seen Edwards run from the store. The second, Raymond Fleming, was observed running from the store into a house several blocks away by a Gary policeman in a helicopter. The police entered the home and arrested Fleming. Found at the house was a gray coat identified at trial as identical to the one worn by one of the robbers.

The Supreme Court ruled in *Kirby* v. *Illinois,* (1972) 406 U.S. 682, that the Sixth Amendment and Fourteenth Amendment right to counsel did not arise until judicial adversary proceedings were begun. Prior to this decision, this Court held that any post-arrest lineup was a critical stage in the criminal proceedings and as a result, the right to counsel attached. *Martin* v. *State,* (1972) 258 Ind. 83, 279 N.E.2d 189. Violation of this right to counsel prohibited the introduction of identification testimony by witnesses of the tainted lineup unless an independent basis for the identification could be established. *United States* v. *Wade,* (1967) 388 U.S. 218; *Gilbert* v. *California,* (1967) 388 U.S. 263. After *Kirby* this

Court revised our position and held that the right to counsel did not attach until the criminal proceedings were begun either by the filing of an affidavit or by indictment. *Winston v. State,* (1975) 263 Ind. 8, 323 N.E.2d 228.

Appellants recognize that *Kirby* and *Winston* continue to be followed in Indiana concerning the Sixth Amendment right to counsel and the right to counsel under the Constitution of Indiana. They contend that these rules provide police an opportunity to deny an accused his right to counsel by intentionally delaying the beginning of criminal proceedings. These particular appellants were arrested on Friday, February 14, 1975, shortly after the robbery had taken place. The initial lineup took place approximately two hours after the arrest. The probable cause affidavit and information were filed February 18, 1975. The trial court took judicial notice that Washington's Birthday was on Monday, February 17, 1975, and the courts were closed that day. Another lineup took place sometime after the robbery; however, it is unclear how many days had passed prior to this second lineup. Nor is it clear why the subsequent lineup took place.

Each appellant was identified by the cashier from Nick's Market. She testified that she positively picked the appellants out of the initial lineup and that she did so again at the second lineup.

The Fourth Amendment protection against illegal search and seizure requires that a suspect be promptly brought before a neutral magistrate to determine probable cause. *Gerstein* v. *Pugh,* (1975) 420 U.S. 103. Evidence discovered in violation of this protection would properly be excluded. *Wong Sun* v. *United States,* (1963) 371 U.S. 471; *Williams* v. *State,* (1976) 264 Ind. 664, 348 N.E.2d 623. However, it does not appear from the record that the identifications of Edwards and Fleming were products of an illegal procedure.

The Court originally created an exception to Wade-Gilbert when victim and suspect are brought together for an on-the-

scene confrontation. The rationale for that exception is present in the case at bar:

"When the confrontation for identification purposes takes place a reasonably short time after the offense, it would seem to be in the best interests of the suspect as well as that of efficient law enforcement to then allow the identification even in the absence of counsel. The image of the offender is still fresh in the minds of the witnesses, a situation which might not exist after several days, in which the suspect is seeking an attorney to represent him at the confrontation. Also, should the suspect not be identified as the offender, his release could be immediate." *Lewis v. State,* (1969) 252 Ind. 454 at 461, 250 N.E.2d 358.

The robbery had taken place only a short time prior to the lineup. It was, as in *Lewis,* in the best interests of all those involved to have an immediate identification of the suspects. Even if we were to determine that appellants were unconstitutionally detained, the initial lineup identification would not be a product of the illegal detention.

The facts surrounding the identification of each appellant must be viewed separately. Larry Edwards was apprehended as he fled from the grocery store and was returned to the market within two to three minutes of the actual robbery. One of the robbers had been described by witnesses as wearing a green army fatigue jacket. When Edwards was taken into custody, he wore such a coat. He was immediately identified at the scene by the cashier as one of the participants in the robbery and shooting. She testified at trial that she had seen Edwards enter the grocery store, go to the fruit stand, pick up several lemons, and then wait in the checkout line. After his accomplice had removed all of the paper money from the cash register, Edwards leaned over the counter and removed the entire metal draw from the cash register.

Similarly, the cashier had ample opportunity to observe Fleming. She stated that Fleming upon entering the store stopped and spoke with another person. He then walked directly behind her, placed a gun in her back and demanded she hand over the money from the cash register. At that moment Fleming was not more than a foot away from the

cashier. Approximately two hours after the robbery took place, Fleming was identified at a police station lineup by the cashier.

In establishing the Wade-Gilbert rule, the Supreme Court, in determining whether a new trial should be required, wrote:

> "We do not think this disposition can be justified without first giving the Government the opportunity to establish by clear and convincing evidence that the incourt identifications were based upon observations of the suspect other than the lineup identification." *United States* v. *Wade, supra* at 240.

Even assuming arguendo that the second lineup was improper, in this particular instance, the witness had several minutes to observe appellants at close range during the robbery in a well lighted store. The robbery had taken place at approximately 2:30 p.m. and the lineup followed about two hours later. It is our opinion that the in-court identification made of the appellants rested upon a sufficient independent basis to permit its introduction into evidence.

For these reasons the judgment of the trial court is affirmed.

Givan, C.J., Arterburn and Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 352 N.E.2d 730.