FRANK ALBERT HOPKINS *v.* STATE OF INDIANA.

[No. 977S674. Filed November 9, 1978. Rehearing denied January 25, 1979.]

*Dexter L. Bolin, Jr.,* of Terre Haute, *Robert F. Hellmann,* of Terre Haute, for appellant.

*Theodore L. Sendak,* Attorney General, *Jane M. Gootee,* Deputy Attorney General, for appellee.

PIVARNIK, J.—On January 24, 1977, appellant Hopkins was found guilty by a jury in the Vigo Superior Court of the crimes of rape, robbery and commission of a felony while armed, to wit: rape. Appellant was sentenced to ten to twenty-five years imprisonment for robbery and to a consecutive term of ten years for armed rape.

The offenses in question arose from a home invasion in Terre Haute on October 20, 1976. At approximately 11:00 a.m. on that date, a tall athletically built black man wearing a medallion came to the front door of a home where the fifteen year old victim, K.H., was alone inside. After requesting and being refused yard work, the man forced his way inside the house. Once inside, he dragged K.H. throughout the house by her hair taking currency, coins and jewelry. The man then placed a knife to the victim's neck, forced her to disrobe and raped her. He then tied K.H. with an electrical cord and left shortly thereafter carrying a brown bag. The entire incident lasted from forty-five minutes to one hour.

Appellant presents two issues for our review. They concern: (1) whether appellant was denied his right to counsel at a pre-trial identification, and whether the pre-trial identification was unnecessarily suggestive, and; (2) the propriety of the consecutive sentencing.

I.

Appellant first contends that the trial court erred in denying his Motion to Suppress evidence of the victim's pre-trial and in-court identification of Hopkins as the perpetrator of the offenses. Appellant argues that the pre-trial identification should have been suppressed because he was without counsel

and because the circumstances surrounding the identification were unnecessarily suggestive. This, it is argued compelled both suppression of the pre-trial identification and exclusion of the in-court identification.

The facts and circumstances surrounding the pre-trial identification were as follows. The police officers investigating the rape-robbery of K.H. were informed by a neighbor of the victim that he had earlier seen a man matching the general description of the attacker supplied by K.H. The neighbor gave police the license number and a description of the car in which the man was seen. Ownership of this vehicle was traced to one Andrew Gilmore who, as it turned out, was the appellant's brother-in-law. The police then discovered that Gilmore's wife, Sadie (appellant's sister) was employed at Terre Haute Regional Hospital. The next day the officers went to the hospital to question Mrs. Gilmore but she proved to be uncooperative. As they were leaving the hospital in an unmarked car, the officers noticed Sadie getting into the Gilmore's auto and so they followed. While trailing the vehicle, the officers observed Gilmore running three stop signs, a stop light and speeding. The Gilmore vehicle was then stopped by a marked patrol car with the investigating officers arriving shortly thereafter. The occupants of the auto, Andrew and Sadie Gilmore and appellant were questioned outside the vehicle. Both appellant and Andrew Gilmore smelled of alcohol. Gilmore was given a field sobriety test and released. Appellant, who was without identification, was taken into custody for public intoxication.

After the arrest for public intoxication, appellant was transported to the police station where officers attempted to take his photograph. One of the officers noticed that appellant was wearing a silver medallion around his neck which fit the description of the ornament worn by the man who had attacked K.H. When the officers attempted to photograph appellant while wearing the medallion, appellant began struggling and inflicted a slight injury on one of the officers.

Appellant was eventually charged with public intoxication and assault and battery of a police officer. The public defender was appointed to represent appellant and bond was set at $1000.

The photograph obtained from appellant's booking on the misdemeanor charges was later shown to K.H. as part of a photo display. The victim selected appellant's photo from the array but expressed uncertainty due to the quality of the picture. A second display was arranged for the next day, however, K.H. was unable to make an identification.

On November 4, 1976, appellant was scheduled to appear in court in relation to the misdemeanor charges. The chief deputy prosecutor had earlier arranged for K.H. to be present in court so that she might attempt to identify appellant as her attacker before the court convened. The prosecutor further arranged for four black police employees to appear in plain clothes along with appellant. These four were chosen on the basis of their being similar in age, stature, hair style and facial hair. K.H. and others were seated at the defense table while appellant and the four men took seats in the audience. K.H. was unable to get a good look at the men from across the room so she was moved to a seat in the audience across the aisle from the men. As appellant stood up to leave, K.H. obtained a full frontal view and thus identified appellant as her assailant. The appellant was then arrested and on the next day, was charged with the offenses which are the subject of this appeal. Appellant's court appointed counsel was not present during the identification nor was appellant or his attorney informed that the identification was occurring. The first question to be decided is whether this uncounseled corporeal identification violated appellant's Sixth Amendment right to counsel.

It is settled that the constitutional right to counsel attaches only to corporeal identification conducted at or after the

initiation of adversary judicial criminal proceedings. ■■ *Moore* v. *Illinois*, (1977) 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424; *Kirby* v. *Illinois*, (1972) 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411. In Indiana, the initiation of such proceedings is marked by the filing of a criminal information or indictment. *Griffin* v. *State*, (1976) Ind. App., 357 N.E.2d 917, 921; *Winston* v. *State*, (1975) 263 Ind. 8, 323 N.E.2d 228. While it is true that the corporeal identification in the present case occurred at or after the initiation of adversary judicial proceedings, such proceedings were wholly unrelated to the offenses for which the identification was conducted. In fact, appellant was not even arrested on the felony charges until after the victim had made her identification. Under Indiana law, adversary judicial criminal proceedings within the meaning of *Moore, supra* and *Kirby, supra,* were not initiated on the instant offenses until formal charges were filed the following day. Thus, appellant's Sixth Amendment right to the presence of counsel at a corporeal identification had not yet attached when K.H. made the identification.

Appellant's claim that the corporeal identification was unnecessarily suggestive is also without merit. The validity of a pre-trial confrontation is determined by examining ■ the totality of the surrounding circumstances. *Stovall* v. *Denno*, (1967) 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; *Winston* v. *State*, (1975) 263 Ind. 8, 323 N.E.2d 228. As stated above, appellant was seated in the audience among four other men who generally fit appellant's description. No one had indicated to K.H. which of the men was suspected of being the attacker nor was she informed that any of the men were under suspicion. We thus feel that under the totality of the circumstances, the victim's identification of appellant was not so unnecessarily suggestive as to be irrepairably misleading. *Neil* v. *Biggers*, (1972) 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401. Having found that the confrontation was not unnecessarily suggestive and that appellant's right to counsel had not yet attached, we therefore

hold that appellant's Motion to Suppress the pre-trial and in-court identifications was properly denied.

## II.

Appellant also contends that the trial court erred in imposing a sentence for armed rape to run consecutively to the sentence for robbery. Although it is not clear, it appears that the basis for this argument is appellant's contention that he was not apprised by the charging information that he was being charged with armed robbery or that the armed robbery was allegedly committed at the same time as the armed rape. As the state correctly points out, this contention is essentially a belated and untimely challenge to the adequacy of the information—a challenge which would have been more properly presented by a motion to dismiss. In any event, we note that appellant was not charged with armed robbery. Rather, he was charged with rape, robbery and armed rape. As the armed felony was committed at the same time as the robbery, the trial court properly imposed a consecutive sentence. *Snyder* v. *State*, (1978) 268 Ind. 122, 373 N.E.2d 1101; Ind. Code § 35-12-1-1 (Burns 1975).

The judgment of the trial court is affirmed.

All justices concur.

NOTE.—Reported at 382 N.E.2d 147.