Ronald E. LONG, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 977S695.

Supreme Court of Indiana.

Feb. 13, 1979.

Daniel R. Marra, Jeffersonville, Michael J. McDaniel, New Albany, for appellant.

Theodore L. Sendak, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted in a trial by jury of infliction of physical injury in the commission of a robbery, Ind.Code § 35–13–4–6 (Burns 1975). He was sentenced to life imprisonment and presents the following issue on appeal:

(1) Whether the trial court erred in denying the defendant's motion to suppress an in-court identification upon the grounds that it was tainted by prior out of court identification procedures.

\* \* \* \* \* \*

ISSUE I

The trial court denied the defendant's motion to suppress an in-court identification of the defendant by Dorothy Lewis, the wife of the victim in this case. The defendant contends that such identification was tainted by prior improper identification procedures, which included the viewing of photographs, the observance of the defendant in other situations and an improperly conducted lineup. It is the defendant's position that all of the procedures considered together produced the taint which rendered the in-court identification inadmissible.

The facts leading up to the identification consist of the following: Shortly before 11:00 p. m. on November 4, 1975, Mrs. Lewis answered a knock at her front door. She found a young man standing on her front porch. She opened the door to see what he wanted and was asked whether he could use her telephone. Something about him appeared strange to her, so she looked at him very carefully under the porch light, taking notice of his facial features and general appearance. After he explained that his car had broken down, she invited him in to use the telephone. When he had finished using the telephone, he came around to the back of her chair and told her that nobody had answered, and that he guessed he would just have to "hitch." At that point,

her husband entered the room inquiring as to what was happening. Learning that the young man's car had broken down, he offered to assist him. Mr. Lewis got a flashlight and followed the young man out of the house. When they got outside, the young man turned around, drew a gun and pointed it at Mr. Lewis, struck him twice and stole his wallet and watch.

Mrs. Lewis gave the police a description of the robber that night on the telephone. The next day an artist was sent to make a composite drawing based upon her description. Both her initial description and the composite drawing generally depicted the defendant's facial characteristics. Several days later a police officer stopped by with six photographs, from which Mrs. Lewis selected one as portraying the robber. After making that identification, she was told by the officer that the suspect's name was Ronald Long.

Sometime in the spring of 1976, Mrs. Lewis read in the newspaper that the defendant had been arrested. Seeking to obtain a view of the defendant face to face, she inquired from a secretary at the prosecutor's office as to when he would be making a court appearance. On her third visit to the courtroom she got a full frontal view of the defendant from across the courtroom. As he walked away, he looked back and saw her and her husband and "stopped in his tracks." Mrs. Lewis was somewhat surprised at his appearance since his hair and beard had grown quite a bit, and she, therefore, did not make a positive identification at that time.

Not wanting to accuse anybody until she was absolutely sure of her identification, Mrs. Lewis requested that the police conduct a lineup where she would be able to see the defendant face to face and to hear his voice. At the lineup, she was seated close to the front of the room and observed the defendant as he stood with three other men. After observing him in the lineup and hearing his voice she was able to make a positive identification. At the hearing held on the motion to suppress, Mrs. Lewis testified that, based upon his voice, facial features and general body build she was sure that the defendant was the same man that she had seen standing under the porch light.

The defendant argues in his brief that each of the pretrial identification procedures used was impermissibly suggestive. With this we do not agree. There was nothing suggestive in the witness' initial identification of the defendant from the six photographs shown to her. Although it was unwise for the officer to have told her the defendant's name, after her identification, since she was then able to seek out the defendant on her own initiative for a further view, this information obviously could have had no effect on her initial identification. Her reluctance to make her initial identification positive was explained at the hearing as based solely upon an unwillingness to make a definite accusation without first seeing the defendant face to face and hearing his voice. Her hesitancy was not from doubt but rather from a realization that the gravity of the situation dictated the utmost caution.

■ The defendant's only valid claim of suggestiveness arises out of the manner in which the lineup was conducted. At some point during the course of the lineup, each of the participating individuals stated his name and address. Such singling out of the defendant, whose name the witness already knew, was improper. *Tewell v. State* (1976), 264 Ind. 88, 98, 339 N.E.2d 792. Additionally, lineups with so few participants are generally inadequate. *Tewell v. State, supra.*

Regardless, however, of any suggestiveness involved, the trial court did not err in admitting the in-court identification since there was a sufficient basis for the identification independent of the improper pretrial procedures. *Swope v. State* (1975), 263 Ind. 148, 325 N.E.2d 193; *Carmon v. State* (1976), Ind., 349 N.E.2d 167. Mrs. Lewis testified that she carefully observed the defendant as he stood under her porch light, paying particular attention to his voice and to his facial features, which she was later able to describe in considerable detail. The description which she gave to the police on the night of the crime generally fit the

defendant. She was able to identify the defendant qualifiedly twice before seeing him in the lineup, and she hesitated in making a definite identification only because she wanted to see him face to face as a safeguard against possible error. Although the lineup was impermissibly suggestive, Mrs. Lewis testified that she had made a positive identification prior to the time that the defendant gave his name and address.

Defendant further urges error in that he was not provided with counsel at the aforementioned lineup. Having raised this as error for the first time by his brief, the defendant has waived review of that issue. *Jones v. State* (1973), 260 Ind. 463, 296 N.E.2d 407. We therefore will not treat the issue other than to note that there is no merit to such contention since the lineup was conducted prior to the institution of formal proceedings against him, and there is no right to counsel in pre-indictment identification proceedings. *Winston v. State* (1975), 263 Ind. 8, 323 N.E.2d 228.

The judgment of the trial court is affirmed.

GIVAN, C. J., and HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.