**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**COREY L. SCOTT**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TONY WOMBELS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1212-CR-652 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Stanley Kroh, Commissioner
Cause No. 49G04-1201-FB-6109

**June 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Tony Wombels challenges his conviction of Carjacking,[1] a class B felony, presenting the sufficiency of the evidence as the sole issue on appeal.

We affirm.

The facts favorable to the conviction are that shortly after 7:00 p.m. on January 26, 2012, Heriberto Ayala was at an Indianapolis gas station filling his car with fuel. After he had finished, a man approached Ayala and asked if he could spare a quarter. At the time, the man was standing on the passenger side of Ayala's car and Ayala was standing on the driver's side of his car at the rear near the gas tank. Ayala walked toward the man to give him a quarter, while at the same time the man walked around the front of the car toward Ayala. When Ayala reached his driver's door, the man rushed toward him and told him to "hold it right there[.]" *Transcript* at 20. The man pinned Ayala against his car. Ayala noted that the man had his left hand in his jacket pocket and both were extended toward Ayala. Ayala felt "a hard object" inside the pocket poking against him. *Id*. at 22. Ayala did not see what was in the man's pocket, but described it as "not a finger or anything like that or his hand or anything like it. It was some type of object." *Id*. Ayala believed the man had a gun and that he (Ayala) was being robbed. Ayala spun around and got away from the man. He ran toward the gas station building, leaving his keys in the ignition of his car. Meanwhile, the man got into Ayala's vehicle and drove away from the gas station.

---

[1] Ind. Code Ann. § 35-42-5-2 (West, Westlaw current through P.L. 171 with effective dates through May 7, 2013).

Ayala called 911. The police responded to the scene and spoke with Ayala. Afterward, Ayala walked home. Less than an hour after he arrived home, the police called and indicated they had found his car and apprehended a suspect. Ayala was taken to a location where his vehicle was located. His front bumper was detached and underneath the car. Ayala identified the suspect detained at the scene – Wombels – as the man who had confronted him at the gas station and stolen his car.

Wombels was charged with carjacking as a class B felony and robbery as a class C felony. After a bench trial, Wombels was found guilty as charged, but the trial court entered judgment of conviction only on the greater charge of carjacking.

Wombels contends the evidence was not sufficient to support his conviction. Our standard of reviewing challenges to the sufficiency of the evidence supporting a criminal conviction is well settled.

> When reviewing a challenge to the sufficiency of the evidence underlying a criminal conviction, we neither reweigh the evidence nor assess the credibility of witnesses. The evidence—even if conflicting—and all reasonable inferences drawn from it are viewed in a light most favorable to the conviction. "[W]e affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Davis v. State,* 813 N.E.2d 1176, 1178 (Ind. 2004). A conviction can be sustained on only the uncorroborated testimony of a single witness, even when that witness is the victim.

*Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012) (some citations omitted).

A person commits carjacking when he "knowingly or intentionally takes a motor vehicle from another person or from the presence of another person: (1) by using or threatening the use of force on any person; or (2) by putting any person in fear[.]" I.C. § 35-

3

42-5-2. Wombels does not dispute that he took Ayala's car without permission. In fact, he concedes that "the one … crime that is supported beyond a reasonable doubt is that of auto theft[.]" *Appellant's Brief* at 9. His challenge to the conviction focuses upon Wombels's intent and the adequacy of the proof of the element, "by using or threatening the use of force[.]" I.C. § 35-42-5-2. He contends:

> Perhaps under a different set of facts or circumstances, evidence could support a carjacking conviction but here with no weapon, no communication other than asking for change and asking Ayala to stay put, no threat of harm and with Ayala simply abandoning his vehicle prior any [sic] action by Wombles' [sic] that would serve to manifest any intention to commit a carjacking, the State's evidence supports an auto theft conviction but fails to rise to the level of supporting a carjacking conviction.

*Appellant's Brief* at 9.

We begin by examining Wombels's contention that the evidence was not sufficient to prove he used or threatened to use force. Our Supreme Court has held that the element of using or threatening the use of force can be established even where the perpetrator wielded what turned out to be a toy gun. *See, e.g., Lewis v. State*, 252 Ind. 454, 250 N.E.2d 358 (1969). Wombels's command to "hold it right there", pinning Ayala against the car, holding his hand in his jacket pocket and pressing his finger or whatever it was that he held in the pocket against Ayala, all created the inference that he possessed a gun. *Transcript* at 20. This was sufficient to establish the element that he was threatening the use of force against Ayala. *See also Simmons v. State*, 455 N.E.2d 1143 (Ind. Ct. App. 1983).

4

In a closely related second issue, Wombels seems to contend[2] there was not sufficient evidence to establish that he actually intended to use or threaten the use of force in taking the vehicle from Ayala. Wombels contends essentially that Ayala abandoned his vehicle after Wombels told him to "hold it right there", and that it was not clear at that point that Wombels meant to communicate a threat. *Transcript* at 20. Intent is a mental function. Therefore, absent a confession, it often must be proven by circumstantial evidence. *See Ritchie v. State,* 809 N.E.2d 258 (Ind. 2004), *cert. denied*, 546 U.S. 828 (2005). The fact finder is entitled to infer intent "from a defendant's conduct and the natural and usual sequence to which such conduct logically and reasonably points." *Hightower v. State*, 866 N.E.2d 356, 368 (Ind. Ct. App. 2007) (quoting *E.H. v. State,* 764 N.E.2d 681, 683 (Ind. Ct. App. 2002), *trans. denied*), *trans. denied.*

The evidence favorable to the conviction showed that Wombels approached Ayala, a stranger, at a gas station and asked for money. As Ayala began to approach Wombels to do just that, Wombels walked toward Ayala, told him to "hold it right there", and physically pinned Ayala against his vehicle. *Transcript* at 20. Wombels did so while holding his hand in his jacket pocket in such a way that he appeared to be pointing a concealed gun at Ayala. When Ayala fled in fear, Wombels immediately jumped into Ayala's car and drove away. This evidence permits an inference that Wombels either had a weapon in his pocket or

---

[2] The "Summary of the Argument" section of the appellate brief is sometimes a helpful source of verifying the number and nature of an appellant's arguments with respect to the specific issues presented for review. In the present case, this section of Wombels's brief is singularly unhelpful. He summarizes the arguments offered on behalf of his appellate claims as follows: "The State of Indiana failed to present sufficient evidence to support Wombles' conviction of carjacking." *Appellant's Brief* at 3. This merely reframes the general issue into

wanted to create the impression to Ayala that he did.  The entire sequence of events in turn permits an inference that Wombels intended thereby to cause Ayala to fear him such that he would not resist Wombels's attempt to steal Ayala's car.  All arguments Wombels offers in support of his contention merely invite a forbidden reweighing of the evidence.  The evidence was sufficient to prove Wombels had the requisite intent.

Judgment affirmed.

ROBB, C.J., and CRONE, J., concur.

---

statement form – it does nothing to illuminate the nature of the arguments offered in support of his claims relative to that issue.